No. 1,739.

## JENKINS v. FISHER.

SALE.—*Conditional Title.—Resale to Purchaser Without Notice.— Recovery of Purchase-price.*—Where a conditional vendee of goods resold them to one not having notice of his conditional title; the value of the goods to be determined by invoice, and while they were being invoiced, the original vendor seized the goods, claiming them as his, thus stopping the invoice, but the second vendee replevied them from the first vendor and sold all the goods without taking an invoice, the second vendee having paid part of the purchase-price to his vendor,—a recovery of the balance of the purchase-price by the first vendor as assignee of the contract of resale between the second vendor and the second vendee, can not be prevented by the non-performance of the condition to invoice the goods.

PRACTICE.—*Plea in Abatement.—Demurrer, Overruling.—Hearing Evidence and Facts Pleaded.*—If the facts upon which a plea in abatement are predicated were heard, and a special verdict rendered

thereon by the jury, it is tantamount to overruling the demurrer to such plea, and trial, special verdict, and judgment thereon against the demurring party.

APPELLATE PROCEDURE.—*Special Verdict.—Demurrer.*—If the same questions are presented, both by demurrer to the pleadings and the special verdict, ruling upon demurrer is immaterial.

From the Hamilton Circuit Court.

*G. Shirts, I. A. Kilbourne, J. W. Christian* and *W. S. Christian,* for appellant.

*J. A. Roberts, M. Vestal, W. Fertig* and *H. J. Alexander,* for appellee.

REINHARD, J.—Fisher sued Jenkins and one William H. Eller. The second paragraph of his complaint is in substance as follows: The plaintiff avers that on or about January 7, 1889, the defendant, Jenkins, purchased of the defendant, Eller, a certain stock of groceries and fixtures in the city of Noblesville, and, in evidence of said purchase, said defendants entered into a written agreement as follows:

"This agreement, made this 7th day of January, 1889, by and between W. H. Eller and A. M. Jenkins, witnesseth, that W. H. Eller has bargained and sold to A. M. Jenkins his stock of groceries, etc., located in Caylor's Block and Jenkins' storeroom in the city of Noblesville, Indiana, at the invoice hereafter to be made, and to receive in payment therefor one house and lot in Westfield, and one lot, to-wit: seven, in Gray's addition to Noblesville, and eleven shares of stock of the Noblesville Foundry and Machine Shop Co., at the sum of $1,350.00, and said Jenkins agrees to pay the balance of said invoice in thirty and sixty days, and he, said Jenkins, to receive the rents from

said houses to March 1, 1889, and said Eller to receive the rent thereafter from the tenants thereof.

(Sig.)    "W. H. ELLER,
"A. M. JENKINS."

"That after the execution of said contract, certain differences arose between said Jenkins and said Eller as to the ownership of said property; that the said Jenkins thereupon instituted a suit in replevin in the Hamilton Circuit Court, making the said Eller and this plaintiff defendants therein, claiming the right of possession and ownership of said property under and by virtue of said written contract; that such proceedings were had in said suit that under the writ of replevin issued therein, the said Jenkins took and kept possession of all said property and removed and sold the same at retail, so that no invoice could be made, and that the said Jenkins thereby waived the making of an invoice of said property as stipulated in said contract; that said property was, during all of said time, of the value of $2,000.00; that all of said amount in excess of the sum of $1,350.00, as provided in said contract, which should be paid by the transfer of certain other property, is now due and wholly unpaid; that the original contract so executed by and between said Eller and said Jenkins, was afterwards accidently destroyed by fire, and that the same cannot be found; that the above contract, as set out herein, is a true and correct copy of said contract; that said Eller. transferred and assigned to the plaintiff all his rights and interest in said contract before the institution of this suit, and also assigned by indorsement thereof on the back of a copy of said written contract, after said original contract had been so destroyed, which said assignment is as follows, to-wit:

"For value received, I hereby assign and transfer

all my interest, rights and causes of action to and in the within contract to William A. Fisher, this September 14, 1894.        (Sig.)   WILLIAM H. ELLER.

"That there is now due the plaintiff from said defendant Jenkins, on the goods he so took possession of, the sum of $1,000.00.   Wherefore," etc.

To this paragraph of complaint a demurrer was filed and overruled, and an exception saved.   The appellant thereupon filed a plea in abatement, which, omitting the formal part, is as follows:

"Now comes the defendant, Obijah M. Jenkins, and, for his separate plea in abatement to the second paragraph of the complaint herein, says he admits that on the 7th day of January, 1889, he purchased from the defendant William H. Eller the stock of groceries mentioned in the complaint, and the written contract set forth in the complaint was thereupon executed by said parties, and pursuant thereto this defendant conveyed to the said Eller, at the time, the real estate mentioned in the said contract, and turned over and assigned the shares of stock in the Foundry and Machine-Shop Company, all of which was so done at the sum and price of $1,350, as stated in said contract.   And this defendant avers that the words in said contract, "the invoice hereafter to be made," were construed by said parties, at the time, as meaning an invoice to be made by one person selected by the said Eller, one selected by said Jenkins, and in case of their disagreement, the two thus selected were to select a third.   At once, upon the making of said contract, the said Eller, so construing the same as aforesaid, selected as his appraiser James K. Fisher, and the defendant selected as his appraiser Alex. Nixon, and thereupon the said appraisers began the work of making said invoice.   But so soon as said invoicing

was begun, the plaintiff, William A. Fisher, appeared at the storeroom where said property was situate, and claimed to be the absolute owner of the whole of said stock of goods, forbade the said appraisers from proceeding, and forcibly ejected this defendant and the said appraisers from said storeroom, and denied this defendant's right to take any part of said property or to proceed with said invoice, and said invoice was therefore never made. The claim of the said Fisher was that he was the sole owner of said property; that the said Eller had no right or title thereto, nor authority to sell the same to this defendant, and in the said pretended claims of the said Fisher, the said Eller then and there joined and acquiesced, and the said Eller, by all means in his power, sought to assist the said Fisher in recovering and retaining the whole of the said property, and forbade the appraisers from taking such invoice. And thereupon this plaintiff was compelled to and did institute in the Hamilton Circuit Court his action to recover the possession of said stock of goods, under and by virtue of said contract; and the venue of said cause having been changed to the Marion Circuit Court, the same was there tried, resulting in a judgment in favor of this defendant, to-wit: that he was the owner and entitled to the possession of said stock of goods, and that said pretended claims of the said Fisher were without right and wrongful. And under said proceedings and by virtue of the writ of replevin therein issued, this defendant did obtain possession of said stock of goods. At no time after the plaintiff and said appraisers were driven from said store did the said Eller or any one for him select any appraiser to appraise the value of said stock or any part thereof, nor at any time thereafter was this defendant asked or requested to name any such appraiser on his part, although he has always

been willing so to do. Nor were any such appraisers thereafter selected, and no demand whatever was at any time made upon this defendant that such appraisement should be made. A sole and only reason why such appraisement was not completed when the same was begun by the appraisers selected aforesaid, was the wrongful conduct of the plaintiff Fisher and the said William H. Eller as assignor. And this defendant, therefore, says that nothing is due at this time upon the said contract.

To this plea the appellant filed a demurrer, and the court sustained the same, to which ruling the appellant excepted.

Issue having been joined upon the complaint, the cause was submitted to a jury for trial. The jury returned a special verdict in writing, which is as follows: "We find that about the 1st day of October, 1888, the plaintiff Fisher was the owner of a stock of groceries, fixtures, wagon and harness, in and about a storeroom located in the Caylor Block in the city of Noblesville, Indiana, and then and there contracted with the defendant Eller to sell the same to him, it being agreed between them that the title should not pass to Eller until he paid plaintiff for said property, but Eller from that time until the taking of the property under the writ of replevin, as hereinafter mentioned, took the management of said property and business, and bought and sold goods in his own name in the regular course of retail trade; that on the 8th day of January, 1889, said Eller entered into an agreement in writing with the defendant Jenkins to trade and transfer all the said property and all the stock of groceries then on hand to said Jenkins, which agreement was then signed by said Eller and Jenkins, and a correct copy of the same is set out in the complaint herein, and the said Eller then selected James K.

Fisher, and said Jenkins selected Alex. Nixon to invoice the said stock of groceries, fixtures, wagon and harness, under the terms of said contract; that on the morning of the next day James K. Fisher and said Nixon met at said storeroom and began making an invoice of said property, said Jenkins being present, whereupon the plaintiff, Fisher, entered the storeroom and forbade said parties from proceeding with such invoice and claimed all said property as his own, asserting that the title remained in him until said Eller had paid him for the same; that at the time said Eller signed said written agreement, he expected to get money to pay plaintiff for said property, by the transfer of certain real estate, but was unable to do so on account of the refusal of his wife to join in the conveyance of said real estate, and when plaintiff objected to said invoice, said Eller notified plaintiff and said Jenkins that he would be unable to get the money to pay plaintiff for said property, and declined to proceed with such invoice, and acquiesced in the claim of title made by plaintiff Fisher to said property, and thereupon said Jenkins began an action in the Hamilton Circuit Court against the said Fisher and Eller for the recovery of the possession of said property, in which action a writ of replevin was issued to the sheriff, who took possession of all said property under said writ, and the defendants therein failing to give bond within twenty-four hours for the return of said property, said Jenkins gave bond therefor, and said sheriff turned all said property over to said Jenkins, who immediately began selling the same at retail, and while said replevin suit was yet pending, removed all the remainder of said property from said storeroom and sold the same, partly at retail and partly at public auction, so that an invoice could not be made as provided in said contract; that after the

taking of said invoice was stopped, as hereinbefore found, neither said Eller nor said Jenkins ever demanded or requested of the other that an invoice be made; that the said action for the recovery of said property was determined in favor of said Jenkins, said cause having been tried and judgment for the recovery of said property and one cent damages for unlawful detention of same having been rendered in the civil circuit court of Marion county, on the 11th day of October, 1890; that the value of said property at the time it was so taken by Jenkins under said writ of replevin was $1,750.00; that in said action for the recovery of said property, said Jenkins asserted his right to said property and claimed title thereto under and by virtue of said written contract with said Eller, and not otherwise; that on the 14th day of September, 1894, said Eller transferred and assigned all his right, title, interest, and cause of action to or in said contract to the plaintiff herein, and said original writing having been accidentally destroyed by fire, said transfer was made in writing, signed by said Eller on a copy of said contract, which was delivered to the plaintiff; that said Jenkins has made no payment on the contract sued on. If, upon the foregoing facts the law is with the plaintiff, then we find for the plaintiff and assess his damage at $400.00."

Appellant's counsel have discussed all three of the alleged errors together and urge a reversal upon each of said grounds.

The trial of the cause necessarily involved an examination into all the facts surrounding the entire case, and this included the facts relied upon in the appellant's plea in abatement. Not only was all such evidence heard by the court and jury, but the jury made a full finding of such facts as well as of all other facts

pertaining to the cause. As the facts upon which the plea in abatement was predicated were heard and a special verdict rendered thereon by the jury, it was tantamount to the overruling of the demurrer to the said plea, and a trial and special verdict and judgment thereon against the appellant; for where the same questions are presented both by demurrers to the pleadings and the special finding or verdict, rulings upon the demurrers are immaterial. *Stephenson* v. *Boody*, 139 Ind. 60.

If, therefore, upon the facts found in the special verdict, the appellant was entitled to have the action abated, or if he was entitled to judgment on such verdict, there must be a reversal of the judgment of the trial court, otherwise such judgment must be affirmed.

It is disclosed, by the special verdict, that Fisher, the appellee, originally owned the goods out of which this controversy arose; that he sold them to Eller, who in turn sold them to the appellant; that the sale by Fisher to Eller was a conditional one, Fisher retaining the title of the goods until they were paid for by Eller. Eller, however, took possession of and exercised acts of ownership over them, and actually sold them to Jenkins before the title had passed to him (Eller); that Fisher, manifestly for his own protection, stopped the transfer from Eller to Jenkins, while the parties were taking an invoice, and asserted his title to the goods; that the appellant brought replevin, and succeeded in obtaining the goods, upon what ground is not made to appear, but probably for the reason that he had purchased and partially paid for the same before he had any notice of appellee's title, the latter having permitted Eller to exercise acts of ownership over the property. But whatever may have been the reason therefor, we are bound to accept the fact as such, that as between Fisher and Jenkins, the latter was ad-

judged to be the owner of the property, and for whatever was due him on the purchase-money, he must look to Eller.

Granting the contention of appellant's counsel, that as between Eller and Jenkins the taking of an invoice in the manner set forth in the plea in abatement was a condition precedent to any recovery for the balance of the purchase-money on the goods, the question arises, who was at fault in the failure to take the invoice of the goods? Assuming that the fault was to be attributed to the demand of Fisher for the goods at the time he claimed the same, this would not excuse Jenkins from rendering an account to Eller, or from proceeding with the invoice when he had taken possession of the goods under his writ of replevin. But instead of offering to proceed to the taking of such invoice, as his contract required, Jenkins, as we are informed by the special verdict, proceeded to sell the goods at retail and at auction, until, at the time the action in replevin was determined, the entire stock had been exhausted and the taking of an invoice was rendered impossible. Hence, if this action were by Eller to recover the balance due him on the contract, Jenkins would be estopped to set up the condition on which he relies, to-wit, that an invoice must first have been taken to determine the price of the goods, before there can be a recovery.

But whatever rights Eller had under the contract were transferred to Fisher by the assignment; for it cannot be successfully maintained that this assignment fails to convey to Fisher the entire interest of Eller in said contract. Fisher therefore stands in the shoes of Eller, and whatever rights the latter had before the assignment, Fisher may assert in this action.

As between Eller and the appellant, if there was any fault in failing to take an invoice, it was the fault

of the appellant and not of Eller, and neither Eller nor his assignee can be made to suffer for it.

The special verdict finds that the value of the property was $1,750.00, and that $1,350.00 of this was paid by the conveyance of certain real estate and stock, leaving a balance of $400.00 due on the contract. This balance was payable in thirty and sixty days as provided in the contract, and was due before the commencement of this action. Whatever right the appellant had to insist on the taking of an inventory before any right of action could accrue to Eller as his assignee, has been waived by his failure to demand such inventory when it was in his power to have the same taken, and by selling and disposing of the goods, and thus putting it beyond human possibility to invoice said goods afterward. In all good conscience and equity, he ought to be required to pay the balance of the value of the goods of which he got the benefit. The result of the trial below seems to be eminently just and equitable, and we do not feel authorized to disturb the judgment.

Judgment affirmed.

DAVIS, J., did not participate.

GAVIN, J., dissents from the rule of practice laid down, that the hearing of the facts and a special verdict thereon were tantamount to overruling the demurrer to the plea.

Filed January 2, 1896; petition for rehearing overruled April 15, 1896.