MERRILL v. MARSHALL COUNTY.

THE IOWA CONSTRUCTION COMPANY v. THE SAME.

1. Railroad Aid Taxes: COMMISSION TO TREASURER FOR COLLECTING. There is no statute authorizing a county treasurer to withhold from the persons entitled to a railroad aid tax collected by him a commission of three per cent., or any commission, for the collection of the same. A commission for collection can be deducted only from the taxes collected by him for cities and towns.

2. ———: ACTION TO RECOVER FROM COUNTY: DEFENSE: SALE OF ROAD. In an action against a county to recover a portion of railroad aid taxes collected by the treasurer, which was retained by him and passed into the general county fund, the county cannot set up the fact that the companies for which the taxes were levied had sold and conveyed all their property and franchises before the taxes were due and collectible ; although such defense might have been a good one for the taxpayers in resisting the payment of the tax. ( Compare *Manning v. Mathews*, 66 Iowa, 675.)

3. ———— : ———— : ———— : FORFEITURE BY DELAY IN COLLECTING. Nor can the county defeat a recovery in such case on the ground that the taxes have been forfeited by being permitted to remain in the treasury more than two years ( Compare Laws of 1876, chap. 123, sec. 7), where it appears that the roads for which the taxes were voted were built, and the taxes, except the per cent. in controversy, were paid in installments to the persons entitled thereto, and that there was a continuing demand by them for the portion withheld.

4. ———— : ———— : JUDGMENT AGAINST COUNTY. In such case, where the tax in dispute had been placed in the general county fund, and had been expended in paying the county's ordinary indebtedness, a judgment therefor was properly rendered against the county. ( *Barnes v. Marshall County*, 56 Iowa, 20, *distinguished.*)

*Appeals from Marshall District Court.*—Hon. S. M. WEAVER, Judge.

FILED, MARCH 8, 1888.

THESE are actions at law, in which the plaintiffs claim to be the owners of certain railroad aid taxes which they allege the treasurer of the defendant unlawfully paid to the defendant. There were trials to the court, and judgments for the plaintiffs. Defendant appeals.

*Binford & Snelling*, for appellant.

*Boardman & Boardman*, for appellees.

ROTHROCK, J.—I. The two causes involve substantially the same questions, and will be determined in one opinion. The facts necessary to a proper decision of the cases, as we understand the rights of the parties, are not in dispute. It will, therefore, be unnecessary to set out the pleadings and a ruling made on a demurrer to one of the answers. It appears that certain townships in Marshall county voted taxes in aid of the construction of railroads. The taxes were properly levied. A certificate in due form was made to the effect that the railroad companies had earned the taxes

1. RAILROAD aid taxes: commission to treasurer for collecting.

voted. The amounts were placed upon the tax books, and the tax was collected by the county treasurer, and the whole amount thereof, excepting three per cent., and some two hundred dollars in excess thereof, was paid over to the plaintiffs, who were assignees of the railroad companies. This three per cent. was retained by the treasurer, and with the two hundred dollars was paid into the county treasury as part of the ordinary county fund, upon the claim that it was a legal and proper commission for the collection of the tax.

The first question to be determined is, was there any lawful authority for retaining the sums in dispute as a commission for the collection of the tax? If such authority exists, it must be by reason of some statute, for it has always been held in this state that a public officer is not entitled to any official fees except such as are provided by law. Counsel for appellant cite us to several sections of the Code, and claim that authority for retaining the three per cent. is found therein. Reference is first made to chapter 123, of the Acts of the Sixteenth General Assembly. It is provided by section two of that act that railroad aid taxes shall be collected in the same manner and be subject to the same penalties for nonpayment as other taxes. We are further cited to subdivisions one and two of section 3793 of the Code, which provide that the treasurer shall receive for his compensation "three-fourths of one per cent. of all money collected by him as taxes due any incorporated city or town, *to be paid out of the same*," and "three per cent. of all taxes collected by him for all other tax funds, *to be paid out of the county treasury*." It is contended that the clause authorizing three per cent. as compensation for collection applies to all tax funds. We think it is probably correct that in making up the amount of the treasurer's annual salary as between the county and himself the three per cent. should apply to all tax funds, including the railroad aid tax. But there is no authority in any statute to which our attention has been called for reducing any fund by deducting the

per cent. for collection from the fund, except in collections made of taxes for cities and towns. On the contrary, subdivision two of section 3793 of the Code expressly provides that the three per cent. for collection "shall be paid out of the county treasury." Considering the two subdivisions of the section together, it appears to us quite plain that the only fund from which the commission for collection can be deducted is the city and town taxes. Moreover, section four, of chapter 123, Acts 1876, requires that the tax, when collected, shall be paid to the treasurer of the railroad company, and, as no mention is made of any commission for the collection of the same, it must be understood that the whole and not merely a part of the tax shall be paid to the company.

II. It is claimed that the plaintiff has no right to recover, because the railroad companies sold and conveyed all of their property and franchises before the tax was due and collectible. This, no doubt, would be a good defense by the taxpayer in resisting the payment of the tax. *Manning v. Mathews*, 66 Iowa, 675. But we think the county is in no position to raise that question. The tax has been paid, and all of it but three per cent. has been paid to the railroad companies, and the taxpayers are presumably content therewith. Surely the county has no right to retain the tax upon a defense which can only be made by the taxpayer.

2. ——: action to recover from county: defense: sale of road.

III. It is further claimed that under section 7, chapter 123, Acts 1876, the taxes have been forfeited, because they were allowed to remain in the county treasury more than two years. This provision of the statute was evidently enacted in order to secure the speedy and prompt building of the road. There is no question of that kind raised in these cases. The roads were built and the treasurer paid the taxes in installments to the parties entitled thereto as the money was received from the taxpayer. In both cases it fairly appears that there was a continuing demand for payment, and no consent is

3. ——: ——: ——: forfeiture by delay in collecting.

shown that any part or per cent. of the tax should remain in the treasury. We do not regard this as a defense to the action.

IV. Lastly, it is claimed that no judgment can be rendered against the county for the claims in suit. This

4. —— : —— : would probably be correct if the money
judgment against county. remained in the hands of the treasurer as a distinct fund. *Barnes v. Marshall County*, 56 Iowa, 20. But in the cases at bar the whole amount was placed in the general county fund, and expended in paying the ordinary indebtedness of the county. It has lost its identity as a railroad aid fund, and has been appropriated to the use of the county. The county should, therefore, be held liable for it. The question is quite different from that determined in *Barnes v. Marshall County*, *supra*, and other cases cited by counsel for appellant.

In our opinion the judgment of the district court should be                    AFFIRMED.