Stephenson *et al. v.* Boody.

### No. 16,862.

### STEPHENSON ET AL. *v.* BOODY.

SUPREME COURT PRACTICE.—*Special Findings.*—*Same Questions Upon Pleadings.*—Where the same questions are presented on the special findings and conclusions of law that arise on the demurrers to pleadings, the rulings upon the demurrers are immaterial.

SPECIAL FINDING.—*General Finding Disregarded.*—Where special findings are demanded and made, a general finding will be disregarded.

REAL ESTATE.—*Childless Second Wife.*—*Estate of.*—*Conveyances by Children of Prior Marriage.*—*Construction of Statute.*—*Change of Rule.*—It was held by the Supreme Court, up to the May term 1881, that by the provisions of sections 2483 and 2487, R. S. 1881, a second or subsequent wife, having no child by her husband, took only a life estate in one-third of his lands where he left living children by a former marriage. At the May term 1881, the rule was changed, it being then decided that the wife under such circumstances inherited a fee simple in the undivided one-third of the husband's lands, and that at her death his children by the former marriage became her forced heirs.

*Held,* that conveyances made by children of a prior marriage during the life of the childless widow while the former construction prevailed carried to the grantee the fee simple.

*Held,* also, that the new construction of the statute can only be applied prospectively, and that upon the death of the childless widow after such construction was declared, the children of the former marriage took nothing as against their prior grantee.

PARTITION.—*Title.*—The pleadings in a suit for partition may be so framed as to raise and settle questions of title, but where they are not, and only the matter of partition is adjudicated, the title is held as before.

DEED.—*Character of Estate Conveyed.*—*Estoppel.*—A deed of release, or quitclaim, or a conveyance of the right, title and interest of the grantor, even though it be with full covenants of warranty, without designating in the instrument any particular estate, operates simply to transfer the present interest of the grantor; but where a deed containing covenants of warranty bears upon its face evidence that the grantor intended to convey an estate of a particular description or quality, then, even though the covenants be technically imperfect, the grantor and those claiming through him will be bound in respect to the estate described, to the extent at least of being estopped

to deny that the grantor was seized of such estate at the time of the conveyance.

From the Bartholomew Circuit Court.

*J. F. Cox* and *W. L. Cox,* for appellants.
*M. D. Emig,* for appellee.

McCabe, J.—The appellants, Sarah Stephenson, Elizabeth Hummel, George W. Tull, Stoughton C. Tull, John J. Tull, William A. Tull and Chambers H. Tull, sued the appellee for partition of certain real estate described in the complaint, situate in Bartholomew county, Indiana.

A great number of rulings upon demurrers to answers were made which have been assigned for error. There was a special finding of the facts upon which conclusions of law were stated by the court in favor of the appellee, upon which he had judgment over a motion for a new trial. The errors assigned also call in question the conclusions of law, and the action of the court in overruling appellants' motion for a new trial.

It has often been held by this court, that where the same questions are presented on the special findings and conclusions of law that arise on the demurrers to pleadings, as is the case here, the rulings upon the demurrers are immaterial. For that reason we do not examine the errors assigned on the rulings on the demurrers to pleadings.

The substance of the special finding is as follows: That Richard Tull died on April 10th, 1870, seized in fee simple of certain lands situate in said county, particularly described, among which was the land sought to be parted in this suit; that he left surviving him as his heirs his widow, Nancy J. Tull, she being his second wife and childless, the plaintiffs herein, and one Richard J. Tull, Jr., his children by a former marriage; that

on April 18th, after the death of said Richard J., Sr., the said Nancy J. Tull conveyed by warranty deed all her interest in said lands to Philip J. Hummel; that she afterwards sued said Hummell and said children in the Bartholomew Circuit Court to set aside said deed to Hummell for fraud and undue influence practiced upon her by Hummel, and for partition against said children, claiming only a life estate in the undivided one-third of said lands, and that said children were the owners as tenants in common of the whole of said lands subject only to her alleged life estate; that on August 8th, 1870, said court set aside said deed upon the ground alleged, and also entered a decree of partition in favor of said widow, and set off the land described in the complaint to said widow for and during her natural life; and these plaintiffs, as the children and heirs of said deceased, were adjudged and decreed to be the owners in fee simple of the whole of said real estate of which decedent died seized, subject only to the life estate of said widow therein; that thereafter, on May 21st, 1872, said Nancy J. Tull sold and conveyed by warranty deed to the defendant, Boody, all the right, title and interest as set off to her in said suit in said lands, being the same land described in the complaint herein; that on July 27th, 1871, the plaintiffs, John J. Tull and wife and George W. Tull and wife, sold and conveyed by warranty deed, to Wallis Wilson, all their undivided interest in and to the real estate estate owned by decedent at his death, including that described in the complaint herein; that on January, 1872, said Wallis Wilson sold and conveyed the shares and interest so acquired by him to defendant Boody; that on April 4th, 1872, the plaintiffs, Sarah Stephenson and husband, William A. Tull and Elizabeth Hummell and husband, sold and conveyed by warranty deed all their shares in and to the real estate of said decedent

as his heirs, being three-eighths thereof including the
lands described in the complaint herein; that on Janu-
ary 8th, 1872, the plaintiff, Stoughton C. Tull and wife,
sold and conveyed by warranty deed his undivided one-
eighth interest in said land, including that described in
the complaint herein; that on December 25th, 1871, the
plaintiff, Chambers H. Tull, and wife, by warranty deed,
conveyed to defendant, Boody, all of his undivided in-
terest and share as heir. of said decedent in the lands of
said decedent, including that described in the complaint
herein; that the said defendant, Boody, and Wallis Wil-
son, in each of their purchases from the plaintiffs, paid
the full value of a fee simple title per share less only the
value of the life estate of the widow therein; that at the
time of making each and all of said sales by these plain-
tiffs they represented and held themselves out to be the
owners in fee simple and tenants in common of the whole
of said real estate subject only to the life estate of said
widow as fixed by the judgment of said court, and the
defendánt purchased the real estate in question in good
faith, believing such representations to be true; that de-
fendant, Boody, in good faith, believing that the title he
had so purchased was perfect and indefeasible, had ex-
pended large sums of money in lasting and valuable im-
provements on said land with the knowledge and acqui-
escence of plaintiffs, of the value of $2,500, and that said
improvements were made during the lifetime of said
widow, who died August 28th, 1888; that at the time of
the death of Richard J. Tull, Sr., and at the time of said
suit in partition in the Bartholomew Circuit Court, and
for a long time prior thereto, the Supreme Court contin-
uously construed the statute of descents in such cases to
invest the childless second wife with a life estate only in
the one-third of her deceased husband's real estate; that
the defendant knew Richard J. Tull, deceased, in his

lifetime, knew of his first and second marriages; that plaintiffs were his children by a former wife, and that there were no children by his second marriage.

1. The conclusions of law are to the effect that Nancy J. Tull, as the surviving widow of Richard J. Tull, Sr., as such widow inherited the undivided one-third of the real estate of her said deceased husband in fee simple, and being a childless second wife of said decedent, the descent of said real estate was cast by law upon the plaintiffs' as the children of said decedent by a former marriage, and on the death of said surviving widow the said plaintiffs were entitled to inherit from said widow as forced heirs under the statute of descents in such cases.

2. That the title to the real estate described in the complaint was put in issue in the partition suit between the said widow and these plaintiffs, and determined on August 8, 1870, in the Bartholomew Circuit Court.

3. That the decree and judgment rendered therein, although founded upon an erroneous construction of the statute of descents, being unappealed from is binding upon the parties thereto, and upon these plaintiffs, constituting a rule of property.

4. That by reason of all the facts set forth in the special findings herein, the plaintiffs, and each of them are estopped from setting up any title, claim or interest in and to the real estate described in the complaint herein, or from denying the fee simple title of the defendant Boody.

There is also a general finding against the plaintiffs on their complaint, and for the defendant on his answer. But such general finding must be disregarded as a general verdict must when a special one on demand has been returned. *Louisville, etc., R. W. Co.* v. *Balch,* 105 Ind. 93.

By a long line of decisions of this court, beginning with *Martindale* v. *Martindale*, 10 Ind. 566, at the May term of this court for 1858, and extending up to the case of *Utterbach* v. *Terhune*, 75 Ind. 363, at the May term 1881, it was held that by the provisions of sections 2483 and 2487, R. S. 1881, a second or subsequent wife, having no child by her husband, took a life estate only in his lands where he left upon his death children alive by a former wife.   At the May term 1881, in *Utterbach* v. *Terhune, supra,* those decisions were overruled, and it was decided that a second or subsequent wife having no child by her husband, inherited a fee simple in the undivided one-third of his land, where he died having children alive by a previous wife, and that at her death such children became her forced heirs.

This last ruling is now settled and adhered to as the correct construction of this statute. *Caywood* v. *Medsker,* 84 Ind. 520; *Hendrix* v. *McBeth,* 87 Ind. 287; *McClamrock* v. *Ferguson,* 88 Ind. 208; *Flenner* v. *Benson,* 89 Ind. 108; *Flenner* v. *Travellers Ins. Co.,* 89 Ind. 164; *Bryan* v. *Uland,* 101 Ind. 477; *Thorp* v. *Hanes,* 107 Ind. 324; *Erwin* v. *Garner,* 108 Ind. 488; *Gwaltney* v. *Gwaltney,* 119 Ind. 144.

Accordingly it was held by this court in the recent case of *Hasket* v. *Maxey,* 134 Ind. 182, that deeds executed by the children of a previous wife, where their father at his death left a second or subsequent childless wife, such deeds being executed during the life of such widow, and while the former construction of the statute prevailed, and purporting to convey the interests of such children in that part of the real estate of their father set off to such widow, were effectual to convey the fee simple in such lands.   It was said in that case, at pages 190 and 191, that: "Courts of last resort are often con-

strained to change their rulings on questions of the highest importance. When this is done, the general rule is that the law is not changed, but that the court was mistaken in its former decision, and that the law is, and always has been, as expounded in the last decision. But to this general rule there is a well established and well understood exception. This exception is that, 'after a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect on contracts as an amendment of the law by means of a legislative enactment.'" Citing *Douglass* v. *County of Pike,* 101 U. S. 677; *Anderson* v. *Santa Anna,* 116 U. S. 356; *Ohio Life Ins. Co.* v. *Debolt,* 16 How. 415; *Gelpcke* v. *Dubuque,* 1 Wall. 175; *Havemeyer* v. *Iowa Co.,* 3 Wall. 294; *Olcott* v. *Supervisors,* 16 Wall. 578; *Taylor* v. *Ypsilanti,* 105 U. S. 60.

It was there further said, quoting from *Ohio Life Ins. Co.* v. *Debolt, supra,* that: "The sound and true rule is, that if the contract when made was valid by the laws of the State, as then expounded by all the departments of its government, and administered in its courts of justice, its validity and obligation can not be impaired by any subsequent act of the Legislature of the State, or decision of its courts, altering the construction of the law."

All the deeds involved in the special finding in the case at bar were executed between the May term of this court for 1858 and the May term, 1881, and they all purported to convey the interest of the several children by a former wife in that part of the lands of which their father died seized set off to his widow, she being a subsequent childless wife. The law of the contract expressed in such deeds was as this court had, up to that time, expounded and declared it to be, that such second

or subsequent childless wife took nothing but a life estate in her husband's real estate, where, as here, at his death he left children by a former marriage, and that such children took by inheritance from him the fee simple to all his land subject only to the life estate of such wife in the undivided one-third thereof.

Against a change of this law by a subsequent change of construction of the statute by this court so as to have a retroactive effect, the 10th section of the constitution of the United States (1 R. S. 1894, section 10) (R. S. 1881, section 10), and the 24th section of article 1 of the State constitution protected the grantee in such deeds. *Hasket* v. *Maxey, supra.*

The new construction of the statute is binding and is the law when applied prospectively.

The second and third conclusions of law to the effect that the judgment in the partition suit adjudicated the titles of the parties and concluded them are erroneous.

It was held in *Hasket* v. *Maxey, supra,* that a judgment in partition precisely like the one here involved did not settle any question of title. It was there conceded that the pleadings might be so framed as to raise and settle the question of title in a partition suit, but that they were not so framed in that case, and they were the same there as here.

The fourth conclusion of law is broad enough to justify the judgment in favor of the appellee, notwithstanding the error in the second and third. If the judgment is right upon the facts found, an error in one of the conclusions of law will not justify a reversal of the judgment. *Slauter* v. *Favorite, Guar.*, 107 Ind. 291.

It was also held in *Hasket* v. *Maxey, supra,* that it is a general rule that a quitclaim deed does not estop the person executing it from asserting an after acquired interest in or title to the land therein described; and that

there are exceptions to such rule, yet that the case then before the court did not fall within such exceptions. The same is true of the case at bar.

The general proposition is abundantly maintained by the adjudged cases that a deed of release, or quitclaim, as was the case here with at least one of the deeds, or a conveyance of the right, title and interest of the grantor, even though it be with full covenants of warranty without designating in the instrument any particular estate, as was the case with at least two of the deeds here involved, operates simply to transfer whatever interest the grantor had at that time. *Habig* v. *Dodge,* 127 Ind. 31; *Locke* v. *White,* 89 Ind. 492; *Bryan* v. *Uland, supra;* Rawle on Covenants (5th ed.), section 250.

Where, however, a deed containing covenants of warranty bears upon its face evidence that the grantor intended to convey an estate of a particular description or quality, then the prevailing doctrine is, even though the covenants may be technically imperfect and informal, that the grantor and those claiming through him will be bound in respect to the estate described, to the extent at least of being estopped to say that the grantor was not seized of the particular estate at the time of the conveyance. *Habig* v. *Dodge, supra; Nicholson* v. *Caress,* 45 Ind. 479; *Van Rensselaer* v. *Kearney,* 11 How. 297; *Hannon* v. *Christopher,* 34 N. J. Eq. 459.

Therefore, in so far as the fourth conclusion of law is susceptible of being construed as a conclusion that the deed without covenants and those with covenants, but purporting to convey only the right, title and interest of the grantors in the premises mentioned in the special finding, operated as a conveyance by estoppel of an after-acquired title, is erroneous. But we do not construe it as a conclusion that the plaintiffs' after-acquired title was transferred by estoppel arising out of such deeds,

Stephenson *et al. v.* Boody.

but rather that the title then subsisting in the grantors, by a long line of decisions of this court, was actually and in fact transferred by such deeds by reason of all the facts set forth in the special finding, and that, therefore, the plaintiffs, and each of them, were held estopped from setting up any title, claim, or interest in and to the real estate described in the complaint or from denying the fee simple title of the defendant Boody.

The judgment being right upon the facts found, and the controlling part of the conclusions of law being correct, there is no such error in such conclusions as will warrant a reversal of the judgment.

Under appellants' motion for a new trial two grounds therein assigned are urged for a reversal: 1. That the finding was contrary to law. The reason assigned for this contention is that the court adopted the view of the law which we have in this opinion. Counsel concede, if that view of the law can be maintained, that the appellants have no standing in court. 2. It is urged that the court erred in overruling objections of the appellants to testimony detailing all the facts and circumstances under which the deeds mentioned in the special finding were executed.

There was no available error in this ruling.

The judgment is affirmed.

Filed Oct. 10, 1894.