CENTER SCHOOL TOWNSHIP *v*. STATE, EX REL. BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS.

[No. 18,310.   Filed March 31, 1898.]

TOWNSHIP TRUSTEE.—*Surplus Dog Tax Fund.*—An action may be maintained against a school township by the board of school commissioners of a city located in such township for the recovery of surplus dog tax funds wrongfully appropriated by the township trustee to the use and benefit of the school township.  *p. 170.*

PLEADING.—*Estoppel.*—Facts creating an estoppel, to be available, must be specially pleaded.  *p. 173.*

OVERRULED CASES.—*Last Decision the Law.*—A decision of a court of last resort is but an exposition of what the court construes the law to be, and in overruling a former decision the court does not declare the overruled decision to be bad law, but that it never was the law, and the court was simply mistaken in regard to the law in its former decision; the first decision is wholly obliterated, and the law as therein declared must be considered as though it never existed, and that the law always has been as expounded by the last decision.  *p. 173.*

SAME.—*Vested Rights.*—Courts will not apply a change made in the construction of the law, as it was held to be in the overruled case, so as to invade vested rights.  *p. 173.*

TOWNSHIP TRUSTEE.—*Surplus Dog Tax Fund.—Overruled Cases.— Vested Rights.*—Where dog tax funds were appropriated to the school township by the township trustee, under a construction placed upon the law by the Supreme Court, the township did not thereby obtain such a vested right in such funds as to prevent the recovery thereof by the board of school commissioners of a city located in such township, under a decision of the Supreme Court overruling the former decision.  *pp. 174-176.*

From the Marion Superior Court.  *Affirmed.*

*T. S. Rollins, D. L. Wilson* and *W. A. Yarling,* for appellant.

*Charles A. Dryer,* for appellee.

JORDAN, J.—The State of Indiana, on the relation of the board of school commissioners of the city of Indianapolis, instituted this action against Center school township, of Marion county, Indiana, to recover money arising out of the surplus dog tax fund which it is claimed was due to said board of school commissioners for the years 1893, 1894, and 1895. The complaint is in four paragraphs; three of which are similar, and, in their order, separately seek to recover the fund withheld from the relator by the defendant's trustee for the aforesaid years, and by him appropriated and used for the benefit of the public schools of said Center school township. The fourth paragraph is intended to embrace all of the surplus dog fund received and used by the defendant during said years, which it is alleged belongs to the relator, and this latter paragraph is in its nature one for money had and received. The charge made by the complaint against the appellant is in substance and to the effect that on the first Monday in March in each of the aforesaid designated years, under section 8654, Burns' R. S. 1894, the dog fund in excess of $50.00 was by the provisions of said section required by the proper township trustee to be distributed to the school corporation represented by the relator, in proportion to its enumeration for school purposes; that the trustee failed and neglected to discharge this duty, but, on the contrary, appropriated and expended all of said surplus fund in his hands for the benefit and use of the schools of Center school township, and that no part thereof was paid over to or received by the relator for the use of its schools. A demurrer to each of these paragraphs was overruled and the issues were joined between the parties by a general denial and a trial resulted in the court awarding a judgment in

favor of the appellee for the use of the relator for $13,876.51, being the proportionate part of the surplus fund in controversy to which the trial court held appellee was entitled.

The only question raised and presented by the appellant is the sufficiency of the complaint on demurrer to entitle the appellee to recover of the former the money in dispute. The first insistence of its counsel is that the legal title to the money in controversy, in the theory of the law, was vested in the township trustee, who was the custodian of said money, and that consequently he could appropriate it as he pleased, and if he unlawfully distributed or expended the same, the appellee's remedy, after the demand, would be confined to a suit on the trustee's official bond, and therefore this action cannot be maintained against the school corporation to recover the money in question. Certainly this contention has no legitimate support, and we may pass it without further consideration. The theory presented by the complaint in the action is that under the law a portion of the fund in question should have been distributed by appellant's trustee to the school corporation represented by the relator. That this duty the trustee failed or neglected to perform, but on the contrary distributed to appellant, and it expended through him for the legitimate use and benefit of its public schools, the money which in the first instance belonged to the appellee. Manifestly, under such circumstances, the latter would be legally authorized to proceed against appellant in an action for money had and received, and would be entitled to recover that which the law awarded to it and which had been wrongfully appropriated to the use and benefit of appellant. This doctrine the authorities fully support. *Jefferson School Township* v. *School Town of Worthington*, 5

Ind. App. 586; *Vigo Township* v. *Board, etc.*, 111 Ind. 170; *Bicknell* v. *Widner School Township*, 73 Ind. 501; *First Nat'l Bank* v. *Union School Township*, 75 Ind. 361; *Killian* v. *State, ex rel.*, 15 Ind. App. 261; *Shelby Township* v. *Randles*, 57 Ind. 390; *Hohl* v. *Town of Westford*, 33 Wis. 323; *Merrill* v. *Marshall County*, 74 Iowa 24, 36 N. W. 778.

If appellant, a public corporation invested under the statute creating it with the power to sue, and also liable to be sued, has received money belonging to and due the relator, which has been legitimately expended, as alleged, for the use and benefit of its public schools, then the law imposes upon it the duty to refund such money.   Such duty arises out of the general obligation which the law exacts in the interest or support of justice, and this rule is applicable alike to individuals and corporations, private or public.   Dillon Municipal Corp., section 461; *Argenti* v. *City of San Francisco*, 16 Cal. 255.

By the construction placed upon section 8654, *supra*, in the decisions of this court in *Taggart* v. *State*, 142 Ind. 668, and *Gold* v. *State*, 143 Ind. 706, the appellee's right to its proportionate part of the surplus dog tax in the hands of the township trustee of Center school township for the years in question is settled in its favor.   In the Taggart case this court expressly overruled that of *School City of South Bend* v. *Jaquith, Tr.*, 90 Ind. 495, wherein under the provisions of section 5 of an act of the legislature of 1881, section 2651 R. S. 1881, which were in effect the same as are those in section 8654, *supra*, it was held that no part of the surplus dog fund belonged to the city school corporation, but that such fund belonged to and should be distributed wholly to the school township.   Counsel for appellant do not insist but what the construction given to the statute in the Taggart appeal was cor-

rect, and virtually concede that the decision in the case of *School City of South Bend* v. *Jaquith, Tr., supra,* was properly overruled. But their principal contention in support of this appeal, seemingly, is that our decision overruling the case must not be held to be retrospective and thereby invade what they term the vested rights of the appellant to the money in controversy. Counsel propound the following question, which they urge as the principal one involved, namely: "Will the rights of the parties to the funds sued for in this cause be determined by the law as it is now declared to be, or by the law as it was declared to be by this court at the time it is claimed the appellant, Center school township, obtained the funds sued for herein? In other words, when this court has construed a statute and announces what the law is as prescribed by such statute, and such interpretation is different from the one before given to the statute, which means the same as the one last construed, and the rights of parties have attached under the former statute, and officers and parties acted in good faith in fixing such rights, will the law as lastly pronounced by this court have to be given such a retroactive effect as to take away rights and change the entire relation of parties, or will it act and operate only prospectively?"

The case of *Taggart* v. *State, supra,* was decided on March 21, 1895, and it is insisted that appellant's trustee, relying upon what this court had by its former decision declared the law to be, acted in good faith in appropriating the money in question to the use and benefit of the schools of Center township before a change in the construction of the law occurred; hence the right of appellant to the use of the fund, in any view of the case, ought not to be disturbed by the interpretation placed on the statute in *Taggart* v.

*State.* But even though it could be said that any elements of good faith or estoppel in any manner enter into the case at bar, they are not presented by the complaint, and, if they existed, in order to have been available, they should have been interposed by way of an answer; for the settled rule is that facts creating an estoppel must, under our code, be specially pleaded. *Robbins* v. *Magee*, 76 Ind. 381; *City of Delphi* v. *Startzman*, 104 Ind. 343.

Passing, however, to the consideration of what is regarded by the parties as the real question in issue —that is to say: Shall we confine the change made in the interpretation of the law by the Taggart case so as to operate prospectively only, and thereby not affect appellant in its claim to the entire surplus dog fund distributed to and received by it prior to March 21, 1895; or shall the new construction of the statute be held to be binding on it as to the money in dispute?

The decisions of a court of last resort, the authorities assert, are not the law, but are only the evidence or exposition of what the court construes the law to be, and in overruling a former decision by a subsequent one the court does not declare the one overruled to be bad law, but that it never was the law, and the court was therefore simply mistaken in regard to the law in its former decision. The first decision, upon the point on which it is overruled, is wholly obliterated, and the law as therein construed or declared must be considered as though it never existed, and that the law always has been as expounded by the last decision. *Haskett* v. *Maxey*, 134 Ind. 182; Ram's Legal Judgments, 47.

This rule, however, is subject to the well settled doctrine that courts will not so apply a change made in the construction of the law as it was held to be in the overruled case, as to invade what is considered

vested rights, or, in other words, while as a general rule, the law as expounded by the last decision operates both prospectively and retrospectively, still, courts are required to and do confine it in its operation so as not to impair vested rights, such as property rights or those resting on contracts express or implied. *Haskett* v. *Maxey, supra; Stephenson* v. *Boody,* 139 Ind. 60.

The true rule affirmed by the authorities, and the prevailing one, is to give a change of judicial construction in regard to a statute the same effect in its operation so as not to disturb vested rights as would be given to a legislative amendment—that is, apply the change in the interpretation of the law so as to operate prospectively and not retroactively. *Douglas* v. *County of Pike,* 101 U. S. 677.

But the rights which the law protects must be real. They must be rights of property, or those founded on contracts express or implied. Sutherland on Statutory Construction, section 164, states the rule in this respect as follows: "When a right has arisen on a contract, or a transaction in the nature of a contract authorized by a statute, and has been so far perfected that nothing remains to be done by the party asserting such right, the repeal of the statute will not affect it or an action for its enforcement. It has become a vested right which stands independently of the statute. * * * This is a principle of general jurisprudence; but a right to be within its protection must be a vested right. It must be something more than a mere expectation based upon anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property, or to the present or future enforcement of a demand, or a legal exemption from a demand made by another."

But can appellant in any sense, under the facts and

circumstances in this case, be said to have acquired a vested right to the surplus dog fund involved in this action so as to bring it within the protection of the rule to which we have referred, and thereby be entitled to deny appellee's right of recovery? It is evident that the money received by it under the construction placed on the law by a former decision of this court was not embraced in any contract or property rights in the legal acceptation of those terms. The fund out of which the money in dispute was distributed to appellant was collected and accrued under legislative authority, and, in a legal sense, was the property of the State, and the surplus certainly was subject to be disposed of or applied by legislative authority to any public purpose not inconsistent with the constitution. Appellant is a public corporation. The creature of the legislature; or, in other words, but an instrument in the hands of the latter to carry out its will in regard to the common school system of the State, and therefore at all times, in respect to the control or disposition of its funds, it is subject to the will of the law-making power, provided, of course, that such will must not be so exercised as to disturb existing contract rights. The rule is well settled that the control of the State over a public corporation is subject to no such limitations as operate in favor of corporations of a private character; consequently the law makes a distinction between the rights of the individual or private corporations and those of a public corporation.

It must follow as a necessary result of these principles, which are controlling over appellant, that it, under the circumstances, is not in a position to raise any question in respect to vested rights which it claims were invaded by the change in judicial construction of the statute providing for the disposition

of the surplus dog fund. *Taggart* v. *State, supra;* Endlich on Int. of Statutes, section 284; Wade on Retroactive Laws, sections 21, 22; *People* v. *Morris,* 13 Wendell 325; Beach on Pub. Corp., sections 720, 721, 722.

Appellant, therefore, having received the money through a judicial misinterpretation of the law, can not be successfully heard to deny appellee's right thereto which existed in the first instance, under the proper construction of the statute whereby the legislature had declared its will in respect to the disposition of the surplus dog fund.

The complaint is sufficient, and the judgment is therefore affirmed.