JULIA GRAMM, Plaintiff, v. ARMOUR AND COMPANY, Defendant and Third Party Plaintiff-Appellant—(CHARLES VARNES, Third Party Defendant-Appellee.)

(No. 70-173; ▮▮▮▮▮▮▮▮)

Third District—June 15, 1971.

John E. Cassidy, Jr., of Peoria, for appellant.

Davis, Morgand & Witherell, of Peoria, (John C. Mulgrew, Jr., of counsel,) for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This action arose out of an automobile collision occurring in December, 1962, in which Julia Gramm was injured by a vehicle operated by Charles Varnes. Gramm brought this action in the Circuit Court of Peoria County, the complaint as amended seeking damages from Varnes for his negligence and from Armour & Company, the employer of Varnes. Armour and Varnes filed answers to the complaint.

On December 30, 1964, Gramm for a consideration of $8,000, entered into a "Covenant Not To Sue" with Varnes and as a consequence the counts of Gramm's complaint against Varnes were dismissed. It is the effect and consequence of the "Covenant Not To Sue" which is the basis of this controversy.

In February, 1965, Armour moved to dismiss the remaining counts of the complaint against it claiming that the "Covenant Not To Sue" executed in favor of Varnes, its employee, extinguished any right or cause of action which Gramm may have had against Armour as Varnes' employer. Armour's motion was denied and it then filed a third party complaint against Varnes seeking indemnity with respect to any liability to Gramm. In his response to the third party complaint Varnes denied that Armour was entitled to indemnity. At this stage of the proceedings Varnes also filed a counterclaim against Gramm based on the latter's violation of the "Covenant Not To Sue."

Next Varnes moved for summary judgment against Armour on its third party complaint basing his motion on the same reasons that Armour had previously used in its motion to dismiss Gramm's complaint namely that the liability of Armour was extinguished by the "Covenant Not To Sue". This motion was denied in June, 1965.

Thereafter Armour negotiated a settlement with Gramm and on September 5, 1965, Armour withdrew its jury demand and a consent judgment was entered against it. The consent judgment found that Varnes was an employee of Armour on the date of the collision, acting within the scope of his employment. According to the judgment Gramm sustained total injuries of $16,000 and after deducting the $8,000 received for the "Covenant Not To Sue" judgment was entered for $8,000 against Armour. Additionally there was a finding that Armour was not guilty of any tortious conduct. No appeal was taken from this judgment and apparently it was satisfied. At the time of the entry of the consent judgment no action was taken regarding Armour's third party complaint.

In May, 1966, the Supreme Court filed its opinion in *Holcomb v. Flavin*, 34 Ill.2d 558, 216 N.E.2d 811, holding that a "Covenant Not To Sue" executed in favor of an employee extinguished the plaintiff's cause of action against the employer. Based on the *Holcomb* decision Varnes renewed his motion for judgment against Armour on its third party complaint and in May, 1967, the motion dismissing Armour's third party complaint was granted. Armour moved to vacate the May judgment but did not call its motion for hearing until April, 1970, at which time its motion was denied and this appeal follows.

Armour, as third party plaintiff, is the only appellant on this appeal and Varnes, the third party defendant, is the only appellee. The facts are undisputed and the only question presented on this appeal is the propriety of the court's decision holding that Armour was not entitled to indemnity at the time the court finally ruled on the third party complaint.

■■ As a preliminary observation this controversy has evolved from two related rules. The first is that there can be no liability on the part of a principal on the theory of *respondeat superior* unless the agent also be liable. (*Mece v. Holland Furnace Co.*, 269 Ill.App. 164.) The second rule is that where liability against a principal is established by the doctrine of *respondeat superior* the principal is entitled to indemnity from the negligent agent. *Purple Swan Safety Coach Lines v. Egyptian Transp. Co.*, 256 Ill.App. 442.

In *Holcomb v. Flavin, supra,* the Court concluded that the liability of a principal under the application of the *respondeat superior* doctrine was derivative and consequently whatever extinguished a cause of action

against the agent including a "Covenant Not To Sue" also exonerated the principal from liability.

■■ As one of its arguments Armour initially urges that the *Holcomb* case is not applicable to this controversy. According to Armour the "Covenant Not To Sue" in the case at bar is different from the covenant considered in the *Holcomb* case and therefore the result should be different. The differences pointed to in the covenant is that the one involved in the case at bar included a provision that it would not affect any claim of the plaintiff against Varnes's employer. However we find no merit to such contention since the *Holcomb* case itself recognizes the existence of similar differences in covenants considered by other jurisdictions. The *Holcomb* case does not attach any particular significance to such distinctions and merely recognizes that the general effect and consequences of a covenant as applied to similar facts have been treated differently in some jurisdictions.

The main thrust of appellant's dissatisfaction with the action of the trial court is what appellant characterizes as the trial court's retrospective or retroactive application of the *Holcomb* opinion. As heretofore observed, Armour moved to dismiss the complaint after the "Covenant Not To Sue" had been executed in favor of Varnes. This motion was denied by the trial court and although such action under the later authority of the *Holcomb* case was erroneous, Armour insists that it was as a result, compelled or coerced into either defending or settling the claim against it. As a result of such compulsion it is Armour's claim that it was not a volunteer thereby precluding its right to indemnity.

■■ It is our conclusion the trial court acted correctly.

■■ The rule is that when the supreme judicial tribunal of the State has declared what the law is on any point, all other courts are bound to conform to its decision when the same point comes again in litigation. (14 I.L.P., Sec. 81, Page 235, *Agricultural Trans. Ass'n v. Carpentier*, 2 Ill.2d 19, 116 N.E.2d 863.) A case is determined on the law as it stands when the judgment is rendered and not when the suit was brought. (*Goldblatt v. City of Chicago*, 30 Ill.App.2d 211, 174 N.E.2d 222.) This is the rule even where the case is pending before an intermediate court. (*People ex rel Bauer v. Water Com.* 20 Ill.2d 139, 169 N.E.2d 350.) As observed in 14 I.L.P., Courts, Sec. 71, Page 228, "As a general rule, the overruling of a decision operates retrospectively, as well as prospectively, and makes the law at the time of the overruled decision as it is declared to be in the last decision, except in so far as the construction last given would impair the obligations of contracts, entered into, or injuriously affect vested rights acquired, in reliance on the earlier decisions. The exception, however, ordinarily applied only where reliance was placed

on a decision of a court of last resort, and not on a decision of an inferior court." Appellant argues that that *Darling v. Charleston Community Memorial Hosp.,* 33 Ill.2d 326, 211 N.E.2d 252 and *Molitor v. Kaneland Comm. Unit Dist. No. 302,* 18 Ill.2d 11, 163 N.E.2d 89, require that the trial court's action be reversed. Rather than supporting appellant's claim such cases in effect support the application of the *Holcomb* case as was done by the trial court. In *Darling* and *Molitor* the court specifically recognized that because of extraordinary circumstances the effect of its opinions should be prospective only, holding by necessary implication that absent such a determination the opinion would generally affect all pending litigation.

Appellant has advanced other arguments but in view of our preceding observations it is unnecessary to consider them.

Finding no error in the judgment of the trial court of Peoria County, the judgment of the court is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.