**BROADACRE TRAILER LODGE, INC.,**
**Defendant-Appellant,**

v.

**Delbert JOHNSON, Thelma Johnson, Ruth Milam, Elvis Milam, and Kelly Milam, Plaintiffs-Appellees.**

**No. 1–482A77.**

Court of Appeals of Indiana, First District.

Aug. 31, 1982.

Rehearing Denied Oct. 4, 1982.

| | Compensatory | Punitive |
|---|---|---|
| Delbert Johnson | $1,500. | –0– |
| Thelma Johnson | –0– | $1,000. |
| Elvis Milam | –0– | 10,000. |
| Ruth Milam | –0– | 10,000. |
| Kelly Milam | –0– | 10,000. |

Separate verdicts were returned for each plaintiff, but the verdict forms were all identical and read as follows:

"We, the Jury, find for the Plaintiff, _____, and against the defendant, Broadacre Trailer Lodge, Inc., and access [sic] compensatory damages in the amount of $_____, and punitive damages in the amount of $_____."

In each verdict the name of the plaintiff and the amounts of the respective awards, as indicated above, were set forth in the appropriate blanks.

Nelson G. Grills, Indianapolis, William Wolf, Wolf, Robak & Murphy, Greenfield, for defendant-appellant.

Robert S. Rifkin, Maurer & Rifkin, Indianapolis, for plaintiffs-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Broadacre Trailer Lodge, Inc. (Broadacre) appeals adverse judgments for punitive damages in favor of Thelma Johnson, Elvis Milam, Ruth Milam, and Kelly Milam, after a trial by jury in the Hancock Circuit Court.

We reverse.

## STATEMENT OF THE FACTS

Delbert and Thelma Johnson, husband and wife, owned a vacant mobile home located on a lot rented from Broadacre. With Broadacre's permission the Johnson sublet the lot temporarily to Elvis and Ruth Milam, husband and wife, and their seven year old son, Kelly, while Ruth Milam sought medical treatment in Indianapolis. All of the above persons commenced this action against Broadacre for wrongful eviction, alleging that Broadacre disconnected all utilities which serviced the trailer. After a trial the jury returned verdicts for the Johnsons and Milams and awarded damages as follows:

## ISSUE

The sole question, pointedly stated and narrowly argued, on this appeal is whether the awards of punitive damages can stand where there is an express finding of no actual damages.

## DISCUSSION AND DECISION

In *Newton v. Yates*, (1976) 170 Ind.App. 486, 353 N.E.2d 485, this court stated:

"Apparently Indiana has never affirmatively taken a position on the question of nominal damages being a prerequisite for allowing punitive damages. In a number of cases Indiana has held that punitive damages must be in some reasonable proportion to the compensatory damages awarded, *Murphy Auto Sales, Inc. v. Coomer* (1953), 123 Ind.App. 709, 112 N.E.2d 589. From that holding, it is but a short and logical step to follow the better reasoned decisions of foreign jurisdictions in requiring compensatory damages as a prerequisite for any award of punitive damages. *Ross v. Deposit Guaranty Nat. Bank of Jackson, Miss.* (S.D. Miss.1974), 400 F.Supp. 45; *Hubbard v. Superior Court of Maricopa County* (1975), 111 Ariz. 585, 535 P.2d 1302; *Martin v. United Security Services, Inc.*

(1975), Fla., 314 So.2d 765; *Stratton v. Jensen* (1975), 64 Mich.App. 602, 236 N.W.2d 527; *Montgomery Ward & Company, Inc. v. Keulemans* (1975), 275 Md. 441, 340 A.2d 705; *Madison v. Wigal* (1958), 18 Ill.App.2d 564, 153 N.E.2d 90." *Id.* 170 Ind.App. at 495, 353 N.E.2d 485.

The ruling in *Newton, supra,* was followed in *Large v. Gregory,* (1981) Ind.App., 417 N.E.2d 1160; and *McCormick Piano & Organ Co., Inc. v. Geiger,* (1980) Ind.App., 412 N.E.2d 842. Other punitive damages cases and the instruction given in the case at bar state that if the elements of actual damages are found to exist, then an *additional* amount may be awarded as punitive damages. *See Art Hill Ford, Inc. v. Callender,* (1981) Ind., 423 N.E.2d 601; *Indianapolis Bleaching Company v. McMillan,* (1916) 64 Ind.App. 268, 113 N.E. 1019. 25 C.J.S. *Damages* § 118 states that:

> "In general actual damages must be shown in order that exemplary damages may be recoverable, but in some jurisdictions an award of nominal damages is a sufficient basis for the recovery of exemplary damages which are otherwise recoverable.

> \* \* \* \* \* \*

> . . . As it has been otherwise stated, expressly or in substance, exemplary damages cannot constitute the basis of a cause of action, but are merely incidental to the cause of action."

We hold that when a jury returns a verdict awarding no actual damages, no punitive damages may be awarded as a matter of law.

In essence Thelma Johnson and the Milams would have us construe the above authorities to mean that it is the lack of injury that acts as a bar to punitive damages, and not the failure of the jury to award money for the injury. They cite three cases from other jurisdictions that seem to so hold under the circumstances of those cases. They then point to some evidence in the record which they claim tends to show actual damages. The verdict for punitive damages, they assert, is in reality a general verdict, and since the evidence supports it, we must affirm.

We decline to accept the invitation to act as jurors and reweigh the evidence, reassess the credibility of the witnesses, and redetermine the facts. The jury, by the plain wording of the verdicts, affirmatively found no actual damages. Thelma Johnson's and the Milams' position is analogous to that of a party appealing from a negative judgment, which may be set aside only if the evidence is uncontradicted and will support no reasonable inference in favor of the judgment. *Utopia Coach Corporation v. Weatherwax,* (1978) Ind.App., 379 N.E.2d 518. This negative verdict was not attacked by the appellees in the trial court, and on appeal they have not made the showing required by the above rule. They are, therefore, bound by the verdict as rendered.

For the above reasons this cause is reversed, and the trial court is ordered to enter judgments for Broadacre Trailer Lodge, Inc. on the issues of punitive damages.

Reversed.

RATLIFF, P. J., and ROBERTSON, J., concur.