DON MEDOW MOTORS, INC. and Jeep Corporation, Appellants-Defendants,

v.

Alan GRAUMAN, Appellee-Plaintiff.

No. 3–482A67.

Court of Appeals of Indiana, Third District.

March 29, 1983.

Rehearing Denied May 13, 1983.

Richard W. Morgan, Barnes & Thornburg, South Bend, for appellants-defendants.

Edward A. Chapleau, South Bend, for appellee-plaintiff.

STATON, Judge.

A jury found for Alan Grauman on his claim against Don Medow Motors, Inc. (Medow Motors) for damages arising from the sale of a Jeep. Medow Motors raises the following issues on appeal:

I. Was the evidence sufficient to support the jury's verdict that Medow Motors intended to defraud Grauman as to the Jeep's correct mileage?

II. Was the evidence sufficient to support the jury's award of $3,000.00 as compensatory damages?

III. Was the evidence sufficient to support the jury's award of punitive damages?

IV. Did the trial court err in refusing to allow Medow Motors to introduce evidence regarding its net worth when Grauman was seeking punitive damages?[1]

Affirmed in part, reversed and remanded in part.

---

1. Medow Motors also contends that the trial court erred in modifying two of its tendered instructions. Because Medow Motors did not set out its verbatim objections to these modifications in the argument section of its brief, this contention is waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

## I.

### Mileage

■ According to the evidence, Medow Motors misrepresented to Grauman that the Jeep had been driven only eight miles. Based on this misrepresentation, the jury awarded Grauman $3,750.00 under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. § 1989(a) (West 1982). That section provides:

"(a) Any person who, with *intent to defraud,* violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." (Emphasis added.)

Medow Motors contends that the evidence is insufficient to establish that it intended to defraud Grauman.

When reviewing a jury's verdict to determine if it is supported by sufficient evidence, this Court will neither weigh the evidence nor judge the credibility of witnesses. *Riverside Insurance Co. v. Pedigo* (1982), Ind.App., 430 N.E.2d 796, 803. We will consider only that evidence and reasonable inferences therefrom most favorable to the verdict, and must affirm if the verdict is supported by substantial evidence of probative value. *Royer v. Pryor* (1981), Ind. App., 427 N.E.2d 1112, 1115.

The evidence most favorable to the jury's verdict reveals the following. In October of 1979 Art Chavis agreed with Medow Motors to purchase the same Jeep which Grauman later bought. Chavis signed the purchase agreement, paid a deposit, and took the Jeep. Chavis testified that when he took the Jeep its odometer had already registered eighteen miles, that the Jeep's odometer was working the entire time he had the Jeep and that he and his wife drove the Jeep an additional eighty to one hundred miles. Later, Chavis brought the Jeep back to Medow Motors and decided that he wanted a different vehicle.

In September of 1980 Grauman purchased the Jeep which the Chavises had driven. The Jeep was in the showroom at Medow Motors and the salesperson represented to Grauman that it was new. The Jeep's odometer now registered eight miles and Grauman was given a mileage statement which represented that this odometer reading was correct.

Based on this evidence the jury could have reasonably inferred that Medow Motors intended to defraud Grauman. *See Bryant v. Thomas* (1978), 461 F.Supp. 613, 616–617 (fraudulent intent under § 1989 inferred from changed odometer in absence of explanation).[2]

## II.

### Compensatory Damages

■ The trial court instructed the jury that it could award Grauman damages for Medow Motors' breach of warranty. Medow Motors contends that the evidence is insufficient to support the jury's award of $3,000.00 as compensatory damages.[3]

Ind.Code 26–1–2–714(2) (Burns Code Ed. 1974) provides:

"(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

---

**2.** Because of our disposition of this issue, we need not discuss Medow Motors' contention that Grauman was not entitled to attorney fees under § 1989(a)(2) of the Act because the evidence did not sufficiently establish an intent to defraud.

**3.** Medow Motors fails to make cogent argument in its brief that the evidence did not establish a breach of warranty. Accordingly, we limit our discussion to whether the amount of the award was supported by sufficient evidence.

As Medow Motors concedes in its brief, Grauman testified that because of various defects the Jeep which he bought for $8,214.00 was worth no more than $4,000.00 at the time he purchased it. This evidence alone is sufficient to support the jury's award. As the owner of the Jeep, Grauman was competent to testify as to its value. *Coyle Chevrolet Co. v. Carrier* (1979), Ind.App., 397 N.E.2d 1283, 1287. In addition, Grauman's purchase price is admissible as evidence of the value of the goods as warranted. *Michiana Mack v. Allendale Rural Fire Protection District* (1981), Ind.App., 428 N.E.2d 1367, 1370 n. 10. Therefore, the jury's award of $3,000.00 as compensatory damages is supported by sufficient evidence.

### III. & IV.

### Punitive Damages

The jury awarded Grauman $17,500.00 as punitive damages. Punitive damages are recoverable in breach of warranty actions where compensatory damages are awarded, *Broadacre Trailer Lodge, Inc. v. Johnson* (1982), Ind.App., 439 N.E.2d 684, 685–686; the public interest is served by the deterrent effect of the punitive damages, *Hibschman Pontiac, Inc. v. Batchelor* (1977), 266 Ind. 310, 314, 362 N.E.2d 845, 848, and the conduct of the party in breach independently establishes the elements of a common law tort or of "a serious wrong, tortious in nature. . . ." *Vernon Fire & Casualty Ins. Co. v. Sharp* (1976), 264 Ind. 599, 608, 349 N.E.2d 173, 180. A serious wrong is tortious in nature whenever elements such as "fraud, malice, gross negligence or oppression mingle in the controversy . . . ." *Art Hill Ford, Inc. v. Callender* (1981), Ind., 423 N.E.2d 601, 602.

Medow Motors contends that the evidence was insufficient to support an award of punitive damages, and alternatively that the award of $17,500.00 was excessive. Because Grauman was only required to prove by a preponderance of the evidence that punitive damages were recoverable, we must reverse the jury's award of punitive damages and remand for a retrial on the issue of punitive damages.

The jury was instructed that Grauman had the burden of proving by a preponderance of the evidence that punitive damages were recoverable. This appeal was fully briefed on October 27, 1982. Subsequently, on December 6, 1982 the Indiana Supreme Court held that a claimant is required to prove by clear and convincing evidence that punitive damages are recoverable. *Travelers Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 362–363. Pursuant to Ind. Rules of Procedure, Appellate Rule 8.4(B), Medow Motors filed *Travelers Indemnity* with this Court as additional authority for its contention that the evidence is insufficient to support an award of punitive damages.

In addressing Medow Motors' contention, this Court is bound to apply the standard of clear and convincing proof in regard to punitive damages as declared by our Supreme Court in *Travelers Indemnity.* Generally, enunciations of the common law through judicial opinions rendered in civil cases have retrospective as well as prospective effect, except where the enunciation would impair contracts made, or vested rights acquired, in reliance on an earlier decision. *Center School Township v. State ex rel. Board of School Commissioners of the City of Indianapolis* (1898), 150 Ind. 168, 173–174, 49 N.E. 961, 963; *Gramm v. Armour and Company* (1971), 132 Ill.App.2d 1011, 1014, 271 N.E.2d 52, 55; *Cf. Gross v. Board of Commissioners of Whitley County* (1902), 158 Ind. 531, 535, 64 N.E. 25, 27; *Stephenson v. Boody* (1894), 139 Ind. 60, 66, 38 N.E. 331, 333; *Haskett v. Maxey* (1893), 134 Ind. 182, 188, 33 N.E. 358, 359. In *theory* the law has not changed; the last judicial decision is said to have enunciated the law as it had always existed. *Center School Township, supra,* 150 Ind. at 173, 49 N.E. at 962–963; *Stephenson, supra,* 139 Ind. at 66, 38 N.E. at 333. Thus, a civil case is determined on the common law as it stands when the judgment is to be rendered and not as it stood when the suit was brought. This is the rule even where the

case is pending before an intermediate court. *Gramm, supra,* 132 Ill.App.2d at 1014, 271 N.E.2d at 55. Therefore, the standard of clear and convincing proof applies to Grauman.

Because of the circumstances of this case, the issue of punitive damages must be remanded for a new trial. We can not say as a matter of law that the evidence is insufficient to support an award of punitive damages under the standard of clear and convincing proof. A detailed recitation of all the facts which would support an award of punitive damages is unnecessary since in part I of this opinion there is substantial evidence of probative value from which the jury could have found that Grauman established by clear and convincing proof that punitive damages were recoverable. However, we can not affirm the award of punitive damages because to do so would usurp the function of the trier of fact to weigh the evidence under the standard of clear and convincing proof. *Cf. Hibschman Pontiac, supra,* 266 Ind. at 315, 362 N.E.2d at 848. While the need to re-litigate the issue of punitive damages is regrettable, we must reverse the award of punitive damages and remand this issue for a new trial under the standard of proof required by *Travelers Indemnity, supra.*[4]

Affirmed as to all issues except punitive damages. The award of punitive damages is reversed and the issue of punitive damages is remanded for a new trial under the standard of clear and convincing proof.[5]

---

**4.** The sole issue of punitive damages was ordered relitigated by this Court in *Southern, School Buildings, Inc. v. Loew Electric, Inc.* (1980), Ind.App., 407 N.E.2d 240. Southern had contended that the evidence regarding punitive damages was intertwined with the evidence regarding liability and compensatory damages. However, this Court held that a new trial on the sole issue of punitive damages was appropriate because a dispute as to punitive damages does not call into question the jury's determination of liability and compensatory damages. As we said in *Southern, School Buildings,*

"the issue of punitive damages involves legal concepts and factual proof distinct from

GARRARD, J., concurs with opinion.

HOFFMAN, P.J., concurs in result.

GARRARD, Judge, concurring.

I concur with the majority opinion on issues I and II.

I also agree that the Supreme Court's recent decision in *Traveler's Indemnity Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349 is to be applied, albeit not because it announces "the law as it had always existed." *See, e.g., Linkletter v. Walker* (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

However, I read *Traveler's* to speak with some particularity on the substantive proof necessary to establish a claim for punitive damages.

In concluding that there should be a requirement of proof by clear and convincing evidence (442 N.E.2d 363) the court was responding to its expressed wonderment concerning "when a heedless or reckless disregard of the consequences will support an inference of oppression or malice so as to support an award of punitive damages and when it will not." (442 N.E.2d 360).

Expressing its opposition to a rule permitting an award of punitive damages upon inferences permissibly drawn from evidence of no greater persuasive value than that required to uphold a finding of breach of contract (442 N.E.2d 363) or of mistake (442 N.E.2d 364), the court stated:

"To avoid such occurrences, punitive damages should *not* be allowable upon evidence that is *merely consistent* with the hypothesis of malice, fraud, gross

---

those relevant to the questions of liability and compensatory damages...."
*Id.,* at 254.

**5.** Since we have reversed the award of punitive damages, we need not address Medow Motors' contention that the trial court erred in refusing to admit Medow Motors' evidence regarding its net worth. Upon retrial of the punitive damages issue, evidence of Medow Motors' net worth may be considered, *see e.g., Riverside Insurance,* 430 N.E.2d *supra,* at 808, as may any evidence tending to prove the elements necessary to a claim for punitive damages. *Cf. Southern, School Buildings, supra,* 407 N.E.2d at 254 n. 11.

negligence or oppressiveness. Rather *some evidence should be required* that is *inconsistent* with the hypothesis that the tortious conduct was the result of a mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other such noninquitous human failing." (Emphasis added) 442 N.E.2d 362.

I agree that the question of punitive damages in the present case must be retried in view of *Traveler's.*

I therefore concur.