**TEXAS EASTERN TRANSMISSION CORPORATION, Appellant-Defendant below,**

**v.**

**SEYMOUR NATIONAL BANK, as Administrator of the Estate of Earl Edward Howard, Deceased, Appellee-Plaintiff below,**

**FENIX & SCISSON, INC., Appellant-Third Party Defendant below,**

**v.**

**TEXAS EASTERN TRANSMISSION CORPORATION, Appellee-Third Party Plaintiff below.**

**No. 1–782A170.**

Court of Appeals of Indiana, First District.

July 25, 1983.

Rehearing Denied Sept. 12, 1983.

---

John T. Sharpnack, Sharpnack, Bigley, David & Rumple, Columbus, for appellant Texas Eastern Transmission Corp.

Hugh Watson, Sharon Funcheon Murphy, Locke, Reynolds, Boyd & Weisell, Indianapolis, David S. McCrea, McCrea & McCrea, Bloomington, for appellant Fenix & Scisson, Inc.

Roger L. Pardieck, W. Brent Gill, Montgomery, Elsner & Pardieck, Seymour, Gary J. Clendening, Bunger, Harrell & Robertson, Bloomington, for appellee Seymour Nat. Bank.

STATON, Judge (writing by designation).

Seymour National Bank (bank), administrator of the estate of Earl Howard, sued Texas Eastern Transmission Corporation (Texas) seeking damages for the wrongful death of Howard. Texas sued Fenix & Scisson, Inc. (Fenix), alleging that the contract between Texas and Fenix required Fenix to indemnify Texas against such damages. Following a trial, the jury found for the bank in its suit against Texas and for Texas in its suit against Fenix. Texas and Fenix appeal. The dispositive issue on appeal is whether a landowner/contractee is liable for the wrongful death of an employee of an independent contractor performing intrinsically dangerous work.

Reversed.

Texas and Fenix executed a contract which provided for the creation of a cavern in which Texas planned to store natural gas. The contract contained an indemnity clause. While working the cavern, Earl Howard, an employee of Fenix, was killed when a slab of rock fell on him. The bank sued Texas alleging that its negligence caused Howard's death.

Although the general rule is that a contractee is not liable to an employee of an independent contractor, an exception has been recognized where the contract requires the performance of intrinsically dangerous work. *Hale v. Peabody Coal Company* (1976), 168 Ind.App. 336, 343 N.E.2d 316; *Denneau v. Indiana & Michigan Electric Company* (1971), 150 Ind.App. 615, 277 N.E.2d 8. However, this Court recently held that the liability of the contractee does not extend to employees of the independent contractor. *Johns v. New York Blower Co.* (1982), Ind.App., 442 N.E.2d 382, 386.

Our decision in *Johns* was handed down after judgment had been rendered in this case.[1] The bank argues that the *Johns* holding should not be applied in this case.[2] In general, pronouncements of common law made in judicial opinions rendered in civil decisions have retroactive effect, unless such pronouncement impairs contracts made or vested rights acquired in reliance on an earlier decision. *Don Medow Motors, Inc. v. Grauman* (1983), Ind.App., 446 N.E.2d 651, 654 (*trans. pending*); *Center School Township v. State ex rel. Board of School Commissioners of the City of Indianapolis* (1898), 150 Ind. 168, 174–174, 49 N.E. 961, 963; *Gramm v. Armour and Company* (1971), 132 Ill.App.2d 1011, 1014, 271 N.E.2d 52, 55; *cf. Gross v. Board of Commissioners of Whitley County* (1902), 158 Ind. 531, 535, 64 N.E. 25, 27; *Stephenson v. Boody* (1894), 139 Ind. 60, 66, 38 N.E. 331, 333; *Haskett v. Maxey* (1893), 134 Ind. 182, 188, 33 N.E. 358, 359. The last judicial decision is considered to have stated the law as it always existed, *Don Medow Motors, supra; Center School Township, supra,* 150 Ind. at 173, 49 N.E. at 962–963; *Stephenson, supra,* 139 Ind. at 66, 38 N.E. at 333; therefore, a civil case is determined on the law as it has been stated

---

1. Appellants' briefs were filed on October 25, 1982, our decision in *Johns* was handed down on November 30, 1982, and appellee's brief was filed on January 24, 1983.

2. The bank asserts that Texas and Fenix waived this error by not raising it in their Motions to Correct Errors. Fenix did raise the liability issue in its Motion to Correct Errors; moreover, the waiver doctrine does not apply in this situation.

at the time judgment is rendered. This rule also applies where the suit is pending before an intermediate court. *Don Medow Motors, supra; Gramm, supra.* Our decision in *Johns* does not interfere with any contractural or vested rights acquired by Howard or the bank in reliance upon earlier decisions. Therefore, the *Johns* rule must be applied here.

The trial court ruled that Fenix was an independent contractor; the parties do not dispute that ruling, nor is there any dispute that Howard was an employee of Fenix. Therefore, Texas has no liability. Because Texas is not liable to the bank or Howard, Fenix is not liable to Texas under the indemnity clause of their contract.

The judgment of the trial court is reversed.

NEAL and RATLIFF, JJ., concur.