METROPOLITAN SCHOOL DISTRICT
OF PIKE TOWNSHIP, Petitioner,

v.

DEPARTMENT OF LOCAL
GOVERNMENT FINANCE,
Respondent.

No. 49T10–1103–TA–21.

Tax Court of Indiana.

Dec. 27, 2011.

Randal J. Kaltenmark, Ziaaddin Mollabashy, Jeffery J. Qualkinbush, Larry J. Stroble, Barnes & Thornburg LLP, Indianapolis, IN, Attorneys for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Timothy A. Schultz, John D. Snethen, Deputy Attorneys General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

The Metropolitan School District of Pike Township (the School District) appeals the Department of Local Government Finance's (DLGF) final determination recalculating its capital projects fund ("CPF") levy property tax rate for 2011. The appeal presents one issue for this Court to decide: whether the DLGF's recalculation was correct.

### FACTS AND PROCEDURAL HISTORY

The School District is a public school corporation located in Marion County, Indiana. On October 18, 2010, the School District adopted its proposed budget for 2011 and submitted it to the DLGF for approval. As part of that budget proposal,

the School District estimated the property tax rate necessary to generate its CPF levy.

On January 21, 2011, the DLGF notified the School District that, *inter alia,* it was reducing the School District's estimated CPF levy property tax rate pursuant to the formula provided in Indiana Code § 6–1.1–18–12. The School District subsequently filed a protest challenging the rate reduction. On February 11, 2011, the DLGF issued a final determination denying the School District's protest and certifying its budget order as final.

On March 9, 2011, the School District initiated this original tax appeal. The Court heard the parties' oral arguments on October 25, 2011. Additional facts will be supplied as necessary.

## LAW

The property tax rate applicable to a *public school corporation's CPF levy* is capped at $0.4167 per each $100 of assessed valuation within the taxing district. Ind.Code § 20–46–6–5 (2010). The DLGF annually adjusts that maximum rate, however, "to account for the change in assessed value of real property that results from . . . an annual adjustment of the assessed value of real property under IC 6–1.1–4–4.5[ ] or [ ] a general reassessment of real property under IC 6–1.1–4–4." I.C. § 20–46–6–5; Ind.Code § 6–1.1–18–12(c), (f) (2010). To make the annual adjustment, the legislature provided the DLGF with the following statutory formula:

> STEP ONE: Determine the maximum rate for the political subdivision levying a property tax . . . under the statute for the year preceding the year in which the annual adjustment or general reassessment takes effect.
>
> STEP TWO: Determine the actual percentage increase (rounded to the nearest one-hundredth percent (0.01%)) in the assessed value (before the adjustment, if any, under IC 6–1.1–4–4.5) of the taxable property from the year preceding the year the annual adjustment or general reassessment takes effect to the year that the annual adjustment or general reassessment takes effect.
>
> STEP THREE: Determine the three (3) calendar years that immediately precede the ensuing calendar year and in which a statewide general reassessment of real property does not first take effect.
>
> STEP FOUR: Compute separately, for each of the calendar years determined in STEP THREE, the actual percentage increase (rounded to the nearest one-hundredth percent (0.01%)) in the assessed value (before the adjustment, if any, under IC 6–1.1–4–4.5) of the taxable property from the preceding year.
>
> STEP FIVE: Divide the sum of the three (3) quotients computed in STEP FOUR by three (3).
>
> STEP SIX: Determine the greater of the following:
>
> (A) Zero (0).
>
> (B)The result of the STEP TWO percentage minus the STEP FIVE percentage.
>
> STEP SEVEN: Determine the quotient of the STEP ONE tax rate divided by the sum of one (1) plus the STEP SIX percentage increase.

I.C. § 6–1.1–18–12(e).[1]

This Court previously held that steps two and four of the above formula require

1. It appears that prior to 2006, Indiana Code § 21–2–15–11 contained the rate adjustment formula applicable to a school corporation's CPF levy. *See* Ind.Code § 21–2–15–11 (2005). That statute was repealed, however, in 2006. *See* Pub.L. No. 2–2006, § 199 (eff.

the use of a zero value when there is no increase in a school district's assessed value from one year to the next. *See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.*, 930 N.E.2d 1257, 1260–61 (Ind. Tax Ct.2010). Likewise, steps two and four require the use of a zero value, *as opposed to a negative value*, when a school district's assessed value actually decreases.[2] *See id.* (footnote added).

## ANALYSIS

The sole dispute in this case is whether the DLGF properly applied the formula in Indiana Code § 6–1.1–18–12(e) when it adjusted the School District's CPF levy property tax rate. Because this is a pure question of law, the Court will employ a *de novo* standard of review. *See, e.g., Pike Twp. Educ. Found., Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind.Ct.App.2005).

■ On appeal, the School District admits that the DLGF applied *DeKalb* in its 2011 CPF levy property tax rate adjustment by using zeros in steps two and four of the statutory formula. Nevertheless, the School District contends that *DeKalb* required the DLGF to do something more. The School District asserts that because a CPF levy property tax rate calculation under Indiana Code § 6–1.1–18–12(e) is necessarily affected by previous years' rate calculations,

> the DLGF should have accounted for its [improper] use of negative numbers in [steps two and four of] its calculations for 2007–2010 by rerunning those calculations and reflecting the resulting rate "actual percentage decrease" or even "actual percentage of change." When the language of a statute is clear and unambiguous, the Court may not expand or contract [its] meaning[.]

*DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.*, 930 N.E.2d 1257, 1260 (Ind. Tax Ct.2010) (emphases and citation omitted).

Shortly after the Court decided *DeKalb*, the legislature amended the formula in Indiana Code § 6–1.1–18–12, changing the phrase "actual percentage increase" in steps two and four to "actual percentage change" and adding a new subsection (g). *See* Ind.Code § 6–1.1–18–12(e), (g) (2011). The presumption is that an amendment changes a statute's meaning unless it appears that the legislature amended the statute to express its original intention more clearly. *See Indiana Dep't of Revenue v. Kitchin Hospitality, LLC*, 907 N.E.2d 997, 1002 (Ind.2009). There is nothing in the language of the enactment to indicate that the legislature amended Indiana Code § 6–1.1–18–12 to clarify its original intent. *See, e.g.,* I.C. § 6–1.1–18–12(g) (providing that phrase "actual percentage change" will account for *decreases* in assessed value— and thus permit the use of negative numbers—beginning with the "taxes first due and payable after 2011").

July 1, 2006), 2006 Ind. Acts 509, 899–900. At that time, the legislature enacted Indiana Code § 20–46–6–5, imposing both the cap on a CPF levy property tax rate and referring to Indiana Code § 6–1.1–18–12 for the rate adjustment formula. *See* Pub.L. No. 2–2006, § 169 (eff. July 1, 2006), 2006 Ind. Acts 509, 808; Pub.L. No. 154–2006, § 69 (eff. July 1, 2006), 2006 Ind. Acts 2956, 3051–52.

During the same legislative session, the General Assembly also enacted Indiana Code § 6–1.1–18–13. *See* Pub.L. No. 2–2006, § 44 (eff. July 1, 2006), 2006 Ind. Acts 509, 586–87. That statute, specifically entitled "Adjustment of maximum property tax rate for school corporations' capital projects fund; computation; notification[,]" also contains a rate adjustment formula applicable to a school corporation's CPF levy. *See* Ind.Code § 6–1.1–18–13(b) (2010). While the parties have not explained why the formula in Indiana Code § 6–1.1–18–12(e) applies over the formula in Indiana Code § 6–1.1–18–13, the reason is ultimately not important because the formulas under both statutes are identical. *Cf.* Ind.Code § 6–1.1–18–12(e) (2010) *with* I.C. § 6–1.1–18–13(b).

2. The Court based its holding on the plain and ordinary meaning of the formula's language:

> the legislature intentionally used the phrase "actual percentage increase" in [steps two and four of] the statutory formula and not

in Step 7 for 2010 as the rate in Step 1 for 2011. This w[ould have] ... produce[d] a rate of .3100 for Step 1 for 2011.[3]

(Cert. Admin. R. at 277 (footnote added).) (*See also* Pet'r Br. at 2–3, 8–10.)

In response, the DLGF argues that because the School District has protested only the 2011 budget order, it is improper to go back and recalculate step seven rates for prior "closed" years. (*See* Resp't Resp. Br. at 5–6.) (*See also* Cert. Admin. R. at 407 (stating that because the School District never appealed its step seven rate from 2010 or an earlier year, "the STEP ONE value for 2011 is the STEP SEVEN value that was determined for 2010, and upon which a budget order was issued").) More specifically, the DLGF contends that the School District's appeal

> is asking this Court to determine the accuracy of [its] CPF tax rate calculations for the tax years 2007, 2008, 2009, and 2010. [The School District never] protested [the rate calculations for those years, however, and] the DLGF [therefore never] issued a final determination in response[.] ... Thus, this Court lacks [subject matter] jurisdiction to alter DLGF calculations ... for [those] tax years ... and may not order the DLGF to provide the retroactive cumulative relief [the School District] now seeks.... In short, [the School District] is not asking the Court to apply *DeKalb* to the year [it] protested, instead [it] is seeking to retroactively apply *DeKalb* to tax years that were never protested.

(Resp't Resp. Br. at 5–6.) The DLGF's argument fails, however, for two interrelated reasons.

■ First, when a judicial opinion rendered in a civil case makes a pronounce-

ment of the law, that pronouncement has not only prospective effect, but also retrospective effect. *Don Medow Motors, Inc. v. Grauman*, 446 N.E.2d 651, 654 (Ind.Ct. App.1983) (*citing Center Sch. Twp. v. State ex rel. Bd. of Sch. Comm'rs*, 150 Ind. 168, 49 N.E. 961, 963 (1898)). This is so because, in theory, "the law has not changed; the last judicial decision is said to have enunciated the law *as it has always existed.*" *Id.* (emphasis added) (citations omitted). Thus, when the 2010 *DeKalb* decision explained why steps two and four of the formula contained in Indiana Code § 6–1.1–18–12(e) required zero values as opposed to negative values, that meant that the DLGF should have been using those zero values since 2007 when Indiana Code § 6–1.1–18–12(e) first became applicable to public school corporations. *See supra* note 1.

Second, the DLGF has acknowledged that the formula contained in Indiana Code § 6–1.1–18–12(e) is "cumulative" in its effect, as each year's CPF levy property tax rate calculation plays a part in successive years' rate calculations. (*See* Oral Argument Tr. at 34–35.) *See also* I.C. § 6–1.1–18–12(e). Nonetheless, the DLGF's argument in this case—that the statute requires it merely to transfer the School District's 2010 step seven value to step one of the current year's calculation—is contrary to the plain and ordinary meaning of the statute and yields an illogical result. Indeed, step one of the formula in Indiana Code § 6–1.1–18–12(e) specifically instructs the DLGF to "determine" the maximum rate for the prior year, not just passively "carry it over" or "transfer it." *See, e.g., Johnson Cnty. Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue*, 568 N.E.2d 578, 580–81 (Ind. Tax Ct.1991) (explaining that the best evidence

---

**3.** The DLGF used a rate of 0.3047 in step one of its 2011 CPF levy tax rate calculation for the School District. (Cert. Admin. R. at 272.)

of the legislature's intent in enacting a statutory provision is found in the actual language used within the statute itself), aff'd by 585 N.E.2d 1336 (Ind.1992). Moreover, logic dictates that previous CPF levy property tax rate calculation errors should not be allowed to corrupt the accuracy of current and future years' calculations. See, e.g., Uniden Am. Corp. v. Indiana Dep't of State Revenue, 718 N.E.2d 821, 828 (Ind. Tax Ct.1999) (explaining that statutes must be read in such a way that prevents an illogical or absurd result). Accordingly, the DLGF's use of negative numbers in steps two and four of the formula for tax years 2007 through 2010 to produce a CPF levy property tax rate calculation for 2011 is wrong: it should have used zeros as it was statutorily required.[4]

■ As a final matter, the Court does not agree with the DLGF's contention that it lacks subject matter jurisdiction in this case because the School District seeks ret-

roactive relief for tax years it never protested and for which no final determinations were therefore issued. Indeed, the DLGF misunderstands what "relief" is really at issue in this case.[5] The School District does not ask the DLGF to recalculate the CPF levy property tax rate for years 2007 through 2010 using zero values instead of negative values in steps two and four to recover "lost" funds from each of those years.[6] Rather, the School District simply seeks to correct those erroneous calculations for the sole purpose of ensuring the accuracy of its 2011 CPF levy property tax rate calculation, which is the subject of the final determination at issue, so that it may levy and collect the funds to which it is statutorily entitled.[7]

## CONCLUSION

For the foregoing reasons, the DLGF's final determination in this matter is REVERSED. The matter is REMANDED to the DLGF with instructions to recalcu-

4. The DLGF neither admits nor denies that, in calculating the School District's CPF levy tax rates for 2007 through 2010, it used negative values instead of zeros in steps two and four of the formula. (See Oral Argument Tr. at 36–37 (stating that it "can't really say that [its] calculations were wrong because those years weren't protested and [therefore] they were never reviewed").) Nevertheless, the administrative record contains documentary evidence—submitted by the School District and never rebutted by the DLGF—indicating prima facie that the DLGF's CPF levy tax rate calculations for those years used negative values instead of zeros. (See Cert. Admin. R. at 276–77, 280–82.)

5. The Tax Court has exclusive subject matter jurisdiction over "original tax appeals." Ind. Code §§ 33–26–3–1, –3 (2011). A case is an original tax appeal if it arises under the tax laws of Indiana and it is an initial appeal of a final determination made by, inter alia, the DLGF. I.C. § 33–26–3–1; Ind.Code § 33–26–6–0.2 (2011). The lack of a final determination from the DLGF, which is the equivalent

to the failure to exhaust administrative remedies, will act to deprive the Tax Court of subject matter jurisdiction in a case. See State ex rel. Att'y Gen. v. Lake Super. Ct., 820 N.E.2d 1240, 1247 (Ind.2005) (citation omitted), cert. denied; State Bd. of Tax Comm'rs v. Ispat Inland, Inc., 784 N.E.2d 477, 482 (Ind. 2003).

6. The School District would have been entitled to receive additional money (via a higher CPF levy property tax rate) in each of those years. (Cf. Cert. Admin. R. at 282 with 283 (indicating both the DLGF and the School District's calculations as to total levy amounts).)

7. Recalculating previous erroneous computations for the purpose of making accurate current and future calculations is not a foreign concept to taxing regimes. Indeed, as the Court noted during the hearing in this matter, the computation of net operating losses, both for federal and state purposes, is similar in application. (See Oral Argument Tr. at 38–39, 48–49.)

late the School District's CPF levy property tax rates for 2007 through 2010 by using zero values instead of negative values in steps two and four of the formula contained in Indiana Code § 6–1.1–18–12(e). These corrections will result in both a step one and a step seven value for 2011 of 0.3100.[8]  (*See* Cert. Admin. R. at 283 (footnote added).)

---

**8.** The School District has requested that such relief "commence[s] with the 2012 budget order in order to avoid burdening taxpayers since the 2011 budget order and related tax bills have already been processed." (Pet'r Br. at 3 n. 3.) *But see infra* note 2 (explaining that a CPF levy property tax rate calculation will substantially change beginning with the "taxes first due and payable after 2011").