**INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION,**
Petitioner,

v.

**INDIANA DEPARTMENT OF LOCAL GOVERNMENT FINANCE,**
Respondent.

No. 49T10–0910–TA–76.

Tax Court of Indiana.

May 3, 2013.

Jeffrey S. Dible, Frost Brown Todd LLC, Indianapolis, IN, Attorney for Petitioner.

Gregory F. Zoeller, Attorney General of Indiana, Timothy A. Schultz, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

Indianapolis Public Transportation Corporation (IndyGo) appeals the Department of Local Government Finance's (DLGF) final determination denying its excess property tax levy request for the 2007 budget year. On appeal, IndyGo argues that the DLGF's final determination must be reversed because it is unlawful, not supported by the evidence, and an abuse of discretion. The Court disagrees.

## FACTS AND PROCEDURAL HISTORY

IndyGo, a public transportation corporation, provides bus service throughout Marion County, Indiana. IndyGo does not provide bus service, however, within the City of Lawrence, the City of Southport, and the Town of Speedway.

In November of 2008, IndyGo requested the DLGF's permission, pursuant to Indiana Code § 6–1.1–18.5–16, to impose an excess property tax levy. In its request documentation, IndyGo indicated that, due to an "erroneous assessed valuation," it had suffered property tax revenue shortfalls in budget years 2006 and 2007. (*See* Cert. Admin. R. at 1.) IndyGo therefore sought to impose an excess levy in the aggregate amount of $1,047,369 ($344,478 for its 2006 shortfall and $702,891 for its 2007 shortfall).

The DLGF referred IndyGo's request to the Local Government Tax Control Board for a recommendation. On February 26, 2009, the Tax Control Board held a hearing during which IndyGo explained how, using data from the Marion County Treasurer's office, it calculated its 2007 shortfall:

first it computed the total amount of property taxes (both real and personal) *charged* in Marion County for the 2006 (pay 2007) assessment as **$1,234,203,346;**

from that figure, it subtracted $65,534,933, which it determined represented the total amount of property taxes (both real and personal) *charged* for the 2006 (pay 2007) assessment within Lawrence, Southport, and Speedway for

a result of **$1,168,667,813;**[1]

it next computed the total amount of property taxes (both real and personal) *paid* in Marion County for the 2006 (pay 2007) assessment as **$1,147,620,620;**

from that figure, it subtracted $58,429,384, which it determined represented the total amount of property taxes (both real and personal) *paid* for the 2006 (pay 2007) assessment within Lawrence, Southport, and Speedway, for a result of **$1,089,189,357;**

by subtracting the "paid" from the "charged," IndyGo concluded that in budget year 2007, Marion County suffered a property tax revenue shortfall in the amount of **$79,478,456** (*i.e.,* $1,168,667,813 minus $1,089,189,377);

of that shortfall, IndyGo determined that **$770,941,** or .00971%, was its own. IndyGo arrived at this amount by dividing Center Township's tax rate of 3.7166% by IndyGo's tax rate of .0361% and then applying that result (*i.e.,* .00971%) against the $79,478,456.[2]

(*See generally* Cert. Admin. R. at 8–23 (footnote added).) IndyGo stated during the hearing that it used the same methodology to calculate its 2006 shortfall.

A DLGF representative also attended the hearing, presenting documentation that showed the amount of the certified levy, the actual collections, and the delinquent tax collections regarding IndyGo's general fund for both 2006 and 2007. Based on that documentation, the DLGF representative explained that IndyGo did not have a property tax revenue shortfall in 2007: its certified levy was $15,229,898

and it actually collected $15,315,930. (*See* Cert. Admin. R. at 69, 126 (explaining that the DLGF calculates shortfalls by subtracting the actual collections figure from the certified levy figure).) At the conclusion of the hearing, the Tax Control Board's members voted unanimously to recommend to the DLGF that IndyGo's excess property tax levy request for both 2006 and 2007 be approved.

On September 16, 2009, the DLGF issued a final determination denying IndyGo's 2007 excess property tax levy request. The DLGF's final determination, in its entirety, stated:

> The [DLGF] has reviewed your appeal for a levy increase due to a Shortfall in budget year 2007 in the amount of $702,478. After a review of the petition pursuant to IC 6–1.1–18.5, and in consideration of all evidence provided, the [DLGF] finds as follows:
>
> Denied:
>
> The excessive levy appeal for [IndyGo] is denied because the unit did not have a shortfall in 2007. The unit's property tax levy for [the] 2007 General Fund was $15,229,898 and the unit collected $15,315,934 for the General Fund.

(Cert. Admin. R. at 76.) The following day, the DLGF issued a final determination with respect to IndyGo's excess property tax levy request for the 2006 budget year:

> The [DLGF] has reviewed your appeal for a levy increase due to a Shortfall in budget year 2006 in the amount of $344,478. After a review of the petition

---

**1.** IndyGo explained that the charges for these municipalities needed to be removed because IndyGo did not provide bus service within those taxing units and therefore could not collect property tax revenues from them. (*See* Cert. Admin. R. at 118–20.)

**2.** In other documentation submitted to the DLGF, IndyGo provided another calculation: it reduced IndyGo's listed general fund certified levy of $15,229,898 by an "actual distribution" number of $14,458,957 for a difference (*i.e.,* shortfall) of $770,941. (Cert. Admin. R. at 4.)

pursuant to IC 6–1.1–18.5, and in consideration of all evidence provided, the [DLGF] finds as follows:

Modified Approval:

The excessive levy appeal for [IndyGo] is approved in the amount of $218,999. The unit's shortfall appeal for budget year 2006 is reduced because the unit received $125,479 too much levy for budget year 2008.

(Cert. Admin. R. at 75.)

On October 29, 2009, IndyGo filed an original tax appeal challenging the DLGF's final determination with respect to its 2007 excess tax levy appeal. The Court heard the parties' arguments on April 21, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court hears appeals from final determinations of three administrative agencies: 1) the Indiana Department of Revenue (Department); 2) the Indiana Board of Tax Review (Indiana Board); and 3) the DLGF. *See* Ind.Code §§ 33–26–3–1, –2 (2013); Ind.Code § 33–26–6–0.2 (2013). When reviewing final determinations of the Department and the Indiana Board, the Court is bound by statutorily-prescribed standards of review. *See, e.g.,* Ind. Code §§ 6–8.1–5–1(h)–(i), –9–1(c)–(d) (2013) (standard of review applied to final determinations of the Department); Ind. Code § 33–26–6–6 (2013) (standard of review applied to final determinations of the Indiana Board). The statutes are silent, however, with respect to the standard of review this Court is to employ when reviewing final determinations of the DLGF.

Given that silence, this Court will not go any further in this case than to review the propriety of 1) the DLGF's factual findings and 2) the DLGF's legal conclusions in light of those factual findings. *See State Bd. of Tax Comm'rs v. Gatling Gun Club, Inc.,* 420 N.E.2d 1324, 1326–29 (Ind.Ct.App.1981) (discussing the limited nature of the scope of judicial review of administrative agency decisions in general). In other words, the Court will review the DLGF's findings of fact and conclusions of law to determine whether they are arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or in excess of statutory authority. *See id. See also Scopelite v. Dep't of Local Gov't Fin.,* 939 N.E.2d 1138, 1147 (Ind. Tax Ct.2010); *DeKalb Cnty. E. Cmty. Sch., Dist. v. Dep't of Local Gov't Fin.,* 930 N.E.2d 1257, 1260–61 (Ind. Tax Ct.2010); *Clark–Pleasant Cmty. Sch. Corp. v. Dep't of Local Gov't Fin.,* 899 N.E.2d 762, 769 (Ind. Tax Ct.2008) (all explaining that the Court will consider the evidence as contained within the administrative record to determine if the DLGF's factual findings are supported by substantial evidence[3] and that its legal conclusions are correct). *See also* Ind.Code § 6–1.1–30–1 (2013) (explaining that the DLGF is required to keep a public record of its proceedings and orders, a properly certified and attested copy of which "is sufficient evidence in all courts or proceedings to prove an action, rule or order of the [DLGF]").

## ANALYSIS

Each year, public transportation corporations pay their operating costs and expenditures from the collection of local property taxes. *See, generally,* Ind.Code § 6–1.1–17–0.5 through –21 (2013); Ind. Code § 36–1–2–10 (2013); Ind.Code § 36–9–4–12 (2013) (all providing the general

---

3. Substantial evidence means " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Amax Inc. v. State Bd. of Tax Comm'rs,* 552 N.E.2d 850, 852 (Ind. Tax Ct.1990) (citation omitted).

procedures by which public transportation corporations fix and review their budgets, tax rates, and tax levies). While public transportation corporations are subject to property tax levy limits under Indiana Code § 6–1.1–18.5–3, they may petition for excess tax levies when they suffer from property tax revenue shortfalls. Indeed, during the time period at issue in this case, Indiana Code § 6–1.1–18.5–16 provided, in relevant part:

> (a) A civil taxing unit may request permission from the local government tax control board to impose an ad valorem property tax levy that exceeds the limits imposed by [Indiana Code § 6–1.1–18.5–3] if:
>
> > (1)the civil taxing unit experienced a property tax revenue shortfall that resulted from erroneous assessed valuation figures being provided to the civil taxing unit;
> >
> > (2) the erroneous assessed valuation figures were used by the civil taxing unit in determining its total property tax rate; and
> >
> > (3) the error in the assessed valuation figures was found after the civil taxing unit's property tax levy resulting from that total rate was finally approved by the department of local government finance.
>
> (b) A civil taxing unit may request permission from the local government tax control board to impose an ad valorem property tax levy that exceeds the limits imposed by [Indiana Code § 6–1.1–18.5–3] if the civil taxing unit experienced a property tax revenue shortfall because of the payment of refunds that resulted from appeals under this article and IC 6–1.5.
>
> (c) If the local government tax control board determines that a shortfall described in subsection (a) or (b) has occurred, it shall recommend to the department of local government finance that the civil taxing unit be allowed to impose a property tax levy exceeding the limit imposed by [Indiana Code § 6–1.1–18.5–3], and the department may adopt such recommendation. *However the maximum amount by which the civil taxing unit's levy may be increased . . . equals the remainder of the civil taxing unit's property tax levy for the particular calendar year as finally approved by the department of local government finance minus the actual property tax levy collected by the civil taxing unit for that particular calendar year.*

IND.CODE § 6–1.1–18.5–16(a)–(c) (2006) (amended 2007) (emphasis added).

On appeal, IndyGo first claims that the DLGF's final determination denying its excess tax levy request for the 2007 budget year is either contrary to law or an abuse of discretion because the DLGF "did not follow the correct statutory procedure under I.C. § 6–1.1–18.5–16" in determining that IndyGo did not have a property tax revenue shortfall. (Pet'r Br. Supp. Mot. Summ. J. ("Pet'r Br.") at 26.) Alternatively, IndyGo contends that the DLGF's final determination is not supported by the evidence because it "has not provided any rational explanation for its summary denial of [the 2007] levy [request] . . . and its approval of [the 2006] levy [request] . . . where both [requests] used the same data sources and the same calculation methodology[.]" (Pet'r Br. at 29.)

I.

■ IndyGo acknowledges that neither Indiana Code § 6–1.1–18.5–16, nor any DLGF regulation, prescribes a method for calculating a property tax revenue shortfall. (*See* Pet'r Br. at 7–8, Oral Argument Tr. at 17.) Despite this lack of guidance, IndyGo explains that the methodology used to calculate a property tax revenue

shortfall must comport with the "clearly stated" legislative policy set forth in Indiana Code § 6–1.1–18.5–16(c): that collections of property tax payments due and payable in earlier years should not be counted as actual collections for the "shortfall" year. (*See* Pet'r Br. at 7, 24–25.)

IndyGo argues that the DLGF did not provide evidence to show that it complied with this legislative policy in calculating IndyGo's 2007 shortfall (or lack thereof). (*See* Pet'r Br. at 22, 26.) As support for this argument, IndyGo points to the DLGF's $15,315,394 collections number as it is "not consistent" with the $14,458,957 collections number IndyGo computed using the Marion County Treasurer's records. (Pet'r Br. at 26.) *See also supra* note 2. Furthermore, IndyGo questions what the DLGF included in calculating its $15,315,394 number because no evidence specifically "identified or described [its computation] as [being] limited to property taxes assessed and levied for assessment year 2006 (payment year 2007)." (Pet'r Br. at 19 (emphasis omitted).) "[T]he only logical conclusion" for the difference in the numbers, IndyGo therefore asserts, is that the DLGF erroneously included delinquent property tax collections in its 2007 shortfall calculation and, as a result, it "did not follow the correct statutory procedure under [Indiana Code] § 6–1.1–18.5–16[.]" (Pet'r Br. at 26.)

As the party challenging the DLGF's final determination, IndyGo bears the burden of demonstrating that it is either contrary to law or an abuse of discretion. *See Scopelite,* 939 N.E.2d at 1145.

To meet this burden, IndyGo must show that the DLGF's final determination "violates a[ ] statute, constitutional provision, legal principle, or rule of substantive or procedural law" or "is clearly against the logic and effect of the facts and circumstances" of the case. *See Shelbyville MHPI, LLC v. Thurston,* 978 N.E.2d 527, 529 (Ind. Tax Ct.2013) (citation omitted); *Hubler Realty Co. v. Hendricks Cnty. Assessor,* 938 N.E.2d 311, 315 n. 5 (Ind. Tax Ct.2010) (citation omitted). Here, IndyGo has done neither. Rather, it has merely invited the Court to reweigh the evidence in its favor or to hold that the DLGF should have provided more, different, or better evidence to support its collections number.[4] *But see Grant Cnty. Assessor v. Kerasotes Showplace Theatres, LLC,* 955 N.E.2d 876, 880 (Ind. Tax Ct.2011) (explaining that in reviewing administrative agency final determinations, this Court will not reweigh the evidence presented during the administrative proceedings nor will it assess the credibility of any witnesses who testified at the administrative hearing). Accordingly, the Court will not overturn the DLGF's final determination on this basis.[5]

## II.

In the alternative, IndyGo claims that the DLGF's final determination is not supported by the evidence because it "denied [the] 2007 [request] even though the computation methodology used by IndyGo was the same as the methodology implicitly approved by the [DLGF] for 2006." (Pet'r Br. at 18–19.) (*See also* Pet'r Br. at 29

---

**4.** IndyGo complains that the DLGF did not support its number with "better" evidence, but neither did IndyGo connect its $14,458,957 collections number to its shortfall calculation. (*Cf.* Cert. Admin. R. at 4 *with* 8–10.)

**5.** After it filed its original tax appeal, IndyGo attempted to use various methods of discovery

to obtain information from the DLGF as to how it interpreted Indiana Code § 6–1.1–18.5–16 as well as how it calculated its $15,315,394 collections number. (*See* Pet'r Br. at 3, 29.) IndyGo's attempts, however, were too late. IndyGo needed to build and preserve its case during the administrative process.

**1280**

(arguing that the DLGF's failure to provide any rational explanation for approving one appeal but denying the other "falls far short of [ ] due process requirements").) The Court disagrees.

 A final determination is not supported by the evidence if, in reviewing that evidence, the Court determines that a reasonable mind would not accept the evidence as adequate to support the conclusion at issue. *Amax Inc. v. State Bd. of Tax Comm'rs*, 552 N.E.2d 850, 852 (Ind. Tax Ct.1990). In reviewing the evidence contained in the administrative record, however, a reasonable mind would not conclude that the DLGF "approved" the methodology used by IndyGo to calculate its shortfall in budget year 2006. Indeed, the administrative record reveals that the DLGF subtracted the actual property tax collections in 2006 from the 2006 certified levy figure to determine that IndyGo suffered a property tax revenue shortfall for that year in the amount of $469,535. (*See* Cert. Admin. R. at 70–71, 126.) In its shortfall appeal for 2006, however, IndyGo only asked for $344,478. (Cert. Admin. R. at 1, 3.) Accordingly, the DLGF simply used IndyGo's requested amount as its starting point and then reduced that amount by $125,479 to account for IndyGo's receipt of too much levy for budget year 2008. (*See* Cert. Admin. R. at 70–71, 75.) The Court is therefore not persuaded by IndyGo's alternative argument.

### CONCLUSION

Based on the foregoing reasons, the DLGF's final determination is AFFIRMED.