ATTORNEY FOR PETITIONER:
**BETH H. HENKEL**
LAW OFFICE OF BETH HENKEL LLC
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**GREGORY F. ZOELLER**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
DEPUTY ATTORNEY GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

INDIANAPOLIS PUBLIC                )
TRANSPORTATION CORPORATION,         )
                                    )
        Petitioner,                 )
                                    )
        v.                          )   Cause No. 49T10-1203-TA-19
                                    )
DEPARTMENT OF LOCAL                 )
GOVERNMENT FINANCE,                 )
                                    )
        Respondent.                 )

**FILED**
Jul 15 2015, 1:53 pm
CLERK
of the supreme court,
court of appeals and
tax court

## ORDER ON RESPONDENT'S MOTION FOR
## JUDGMENT ON THE PLEADINGS

**FOR PUBLICATION**
**July 15, 2015**

WENTWORTH, J.

Indianapolis Public Transportation Corporation ("IndyGo") filed an appeal with this Court after the Department of Local Government Finance ("DLGF") issued the 2012 Budget Order for Marion County. The matter is currently before the Court on the DLGF's Motion for Judgment on the Pleadings (Motion). In that Motion, the DLGF asserts that IndyGo does not have standing to bring its appeal and therefore its case must be dismissed. Being duly advised, the Court denies the DLGF's Motion.

**BACKGROUND**

IndyGo, a public transportation corporation formed and operating under Indiana Code § 36-9-4, provides bus service throughout Marion County, Indiana.[1] See Indianapolis Pub. Transp. Corp. v. Dep't of Local Gov't Fin., 988 N.E.2d 1274, 1275 (Ind. Tax Ct. 2013). In late summer of 2011, IndyGo, through its authorized officers and after the appropriate public hearings, adopted its proposed budget for 2012, complete with estimated property tax levies and applicable tax rates.[2] (See, e.g., Pet'r Pet. Judicial Review ("Pet."), Exs. A, C.) Pursuant to Indiana Code § 36-3-6-9, IndyGo submitted its proposed budget to the City-County Council of Indianapolis and Marion County (the Council).[3] (See Pet., Ex. C.)

On October 17, 2011, the Council made several changes to IndyGo's proposed budget appropriations and tax levy rates. (Compare Pet., Ex. C at 8 with Ex. D at 8.) See also IND. CODE § 36-3-6-9 (2011) (providing that when the Council reviewed IndyGo's proposed budgets and tax levies, it was allowed to "reduce or modify but not increase" them). Meanwhile, the Council was in the process of preparing proposed

---

[1] IndyGo does not provide bus service, however, within the City of Lawrence, the City of Southport, and the Town of Speedway. See Indianapolis Pub. Transp. Corp. v. Dep't of Local Gov't Fin., 988 N.E.2d 1274, 1275 (Ind. Tax Ct. 2013).

[2] Because IndyGo receives funding from the collection and distribution of local property taxes, it is required to prepare annual estimated budgets, tax levies, and tax rates. See, e.g., IND. CODE §§ 36-9-4-3, -13, -42, -48, -49, -51 (2011). See also IND. CODE §§ 6-1.1-17-3, -5 (2011).

[3] In 1969, the legislature consolidated the governmental functions of Marion County and the first class city of Indianapolis through legislation commonly known as "Unigov." See Dortch v. Lugar, 266 N.E.2d 25, 30 (Ind.1971), abrogated on other grounds by Collins v. Day, 644 N.E.2d 72 (Ind. 1994). Unigov eliminated the overlapping jurisdictions of various county and municipal boards and centralized governmental control over the entire metropolitan area in a single legislative/fiscal body (i.e., the Council). See id. See also IND. CODE §§ 36-1-2-6(2), -9(3); 36-3-4-2 (2015).

2012 budgets for the City of Indianapolis and Marion County. (See Pet. ¶¶ 24-25[4], Ex. E.) Ultimately, all three budgets were forwarded to the DLGF for review. See, e.g., IND. CODE § 36-9-4-51(d) (2012) (providing not only that the budgets for IndyGo, the City of Indianapolis, and Marion County were to "be prepared and submitted at the same time, in the same manner, and with the same notice[,]" but also that the DLGF could review them "in the same manner").

On February 3, 2012, the DLGF issued "1782 Notices" to all taxing units within Marion County advising them of the revisions, reductions, and adjustments that it proposed to make to their budgets, rates, and levies. (See Pet. ¶¶ 27-30, Exs. F-H.) See also IND. CODE § 6-1.1-17-16(d) (2012) (explaining that the DLGF shall provide notice to each political subdivision specifying any proposed revision, reduction, or increase to its tax levies or rates). For instance, the DLGF indicated that, among other things, it was reducing the tax rates applicable to the City of Indianapolis's debt service and cumulative capital development fund levies and Marion County's general fund levy. (See Pet., Exs. G at 2, H at 2.) The DLGF also reduced the tax rates applicable to IndyGo's debt service and transportation cumulative fund levies. (Compare Pet., Ex. D at 8 with Ex. F at 3-4.) The City of Indianapolis, Marion County, and IndyGo were all given time to respond to the DLGF's proposed adjustments. (See Pet., Exs. F at 1, G at 1, H at 1.) See also I.C. § 6-1.1-17-16(d).

On February 7, 2012, IndyGo submitted a response asserting that the DLGF made several errors in calculating IndyGo's tax rate adjustments. (See Pet. ¶ 31, Ex. I.) The DLGF sent an email to IndyGo stating that the tax rate adjustments would remain in

---

[4] IndyGo incorrectly numbered the paragraphs of its petition. (See Pet'r Pet. Judicial Review ("Pet.") ¶¶ 1-50.) This opinion's citations to the various paragraphs of IndyGo's petition, however, will reflect what the proper numerical designations should have been.

place.  (See Pet. ¶ 40-41, Ex. K at 2.)

On February 15, 2012, the DLGF issued the 2012 Budget Order for Marion County which incorporated the final budgets, tax rates, and tax levies for IndyGo, the City of Indianapolis, and Marion County.  (See Pet. ¶ 41, Ex. L.)  On February 22, 2015, IndyGo sent an email to the DLGF identifying yet another error with respect to the DLGF's adjustment to IndyGo's debt service fund levy.  (See Pet. ¶ 43, Exs. M at 2, N at 1.)

On February 27, 2012, the DLGF amended the 2012 Budget Order for Marion County.  (See Pet. ¶ 44, Ex. O.)  The amended 2012 Budget Order for Marion County did not address, however, any of the objections or errors raised by IndyGo relating to its tax package.  (Pet. ¶ 44.)

On March 28, 2012, IndyGo initiated an original tax appeal.  IndyGo's petition stated in relevant part:

> This is an action for judicial review pursuant to Ind[iana] Code § 6-1.1-17-16 . . . [that] arises out of the DLGF's issuance of the 2012 Marion County Budget Order on February 15, 2012, over the objections of IndyGo as to certain matters detailed [t]herein.  []The DLGF subsequently amended and reissued the 2012 Marion County Budget Order on February 27, 2012, but the DLGF failed to address the issues to which IndyGo objected. . . . IndyGo has standing to bring this action, as the 2012 Budget Order, as amended, will result in a reduction of an estimated $768,330 in the 2012 General Fund and an estimated $39,924 [] in the Debt Service Fund levy. . . . This Petition is timely filed within 45 days of the date of the DLGF's issuance of the original 2012 Marion County Budget Order, in accordance with Ind[iana] Code § 6-1.1-17-16.

(Pet. ¶¶ 1, 4-5, 7, 9.)

On May 4, 2012, the DLGF filed its Motion pursuant to Indiana Trial Rule 12(C), asserting that because IndyGo did not have standing to appeal from the 2012 Budget Order for Marion County under Indiana Code § 6-1.1-17-16(g)(1), its case must be

4

dismissed.  (See Resp't Br. Mot. J. Pleadings ("Resp't Br.") at 2-3.)  The Court conducted a hearing on the DLGF's Motion on July 9, 2012.  Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

"A motion for judgment on the pleadings pursuant to Ind[iana] Trial Rule 12(C) attacks the legal sufficiency of the pleadings."  Eskew v. Cornett, 744 N.E.2d 954, 956 (Ind. Ct. App. 2001) (citation omitted), trans. denied.  Thus, "[a] judgment on the pleadings is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly establish that the non-moving party cannot in any way succeed under the facts and allegations therein."  Id. (citation omitted).

When ruling on a motion for judgment on the pleadings, the Court looks solely at the pleadings and accepts all well-pleaded facts as true.  See id.  The moving party is deemed to have admitted those facts in favor of the non-moving party and the Court will draw all reasonable inferences in the non-moving party's favor.[5]  Id.  In this case, the pleadings consist of IndyGo's petition for judicial review, the exhibits attached thereto, and the DLGF's answer.  See Ind. Trial Rule 7(A) (explaining that the pleadings consist of, among other things, a complaint and an answer); Gregory & Appel, Inc. v. Duck, 459 N.E.2d 46, 50 (Ind. Ct. App. 1984) (explaining that exhibits attached to a complaint are made part of the complaint).

---

[5] While the moving party concedes the accuracy of the factual allegations in its adversary's pleadings, it does not admit assertions that constitute conclusions of law.  Eskew v. Cornett, 744 N.E.2d 954, 957 (Ind. Ct. App. 2001), trans. denied.

5

# LAW

## A. Standing

The judicial doctrine of standing focuses on whether the complaining party in a lawsuit is the proper party to invoke the court's power. Bielski v. Zorn, 627 N.E.2d 880, 888 (Ind. Tax Ct. 1994). More specifically, it "insure[s] that the party before the court has a substantive right to enforce the claim that is being made in the litigation." Pence v. State, 652 N.E.2d 486, 487 (Ind. 1995). Standing reflects that the plaintiff has a personal stake in the outcome of the lawsuit and has sustained, or is in immediate danger of sustaining, some direct injury as a result of the conduct at issue. Schloss v. City of Indianapolis, 553 N.E.2d 1204, 1206 (Ind. 1990).

## B. Indiana Code § 6-1.1-17-16

Indiana Code § 6-1.1-17-16 sets forth both the procedure by which the DLGF reviews the budgets, tax rates, and tax levies of political subdivisions and the mechanism by which the DLGF's review is then appealable to this Court. During the period at issue in this case, the relevant portions of that statute provided:

> (d) Except as provided in subsection (i), IC 20-46, or IC 6-1.1-18.5, the department of local government finance may not increase a political subdivision's budget by fund, tax rate, or tax levy to an amount which exceeds the amount originally fixed by the political subdivision. However, if the department of local government finance determines that IC 5-3-1-2.3(b) applies to the tax rate, tax levy, or budget of the political subdivision, the maximum amount by which the department may increase the tax rate, tax levy, or budget is the amount originally fixed by the political subdivision, and not the amount that was incorrectly published or omitted in the notice described in IC 5-3-1-2.3(b). The department of local government finance shall give the political subdivision written notification specifying any revision, reduction, or increase the department proposes in a political subdivision's tax levy or tax rate. The political subdivision has ten (10) calendar days from the date the political subdivision receives the notice to provide a written response to the department of local government finance's Indianapolis

6

office. The response may include budget reductions, reallocation of levies, a revision in the amount of miscellaneous revenues, and further review of any other item about which, in the view of the political subdivision, the department is in error. The department of local government finance shall consider the adjustments as specified in the political subdivision's response if the response is provided as required by this subsection and shall deliver a final decision to the political subdivision.

*****

(f) The department of local government finance shall certify its action to:
    (1) the county auditor;
    (2) the political subdivision if the department acts pursuant to an appeal initiated by the political subdivision;
    (3) the taxpayer that initiated an appeal under section 13 of this chapter, or, if the appeal was initiated by multiple taxpayers, the first ten (10) taxpayers whose names appear on the statement filed to initiate the appeal; and
    (4) a taxpayer that owns property that represents at least ten percent (10%) of the taxable assessed valuation in the political subdivision.

(g) The following may petition for judicial review of the final determination of the department of local government finance under subsection (f):
    (1) If the department acts under an appeal initiated by a political subdivision, the political subdivision.
    (2) If the department:
        (A) acts under an appeal initiated by one (1) or more taxpayers under section 13 of this chapter; or
        (B) fails to act on the appeal before the department certifies its action under subsection (f);
    a taxpayer who signed the statement filed to initiate the appeal.
    (3) If the department acts under an appeal initiated by the county auditor under section 14 of this chapter, the county auditor.
    (4) A taxpayer that owns property that represents at least ten percent (10%) of the taxable assessed valuation in the political subdivision.
    The petition must be filed in the tax court not more than forty-five (45) days after the department certifies its action under subsection (f).

I.C. § 6-1.1-17-16(d), (f), (g).

**ANALYSIS**

The DLGF maintains that this case must be dismissed because IndyGo lacks standing under Indiana Code § 6-1.1-17-16(g)(1) to bring its appeal. (See Resp't Br. at 2, 6-8.) More specifically, the DLGF explains that under Indiana Code § 6-1.1-17-16(g)(1), a political subdivision like IndyGo[6] can seek judicial review of the DLGF's 2012 Budget Order for Marion County only if it first filed "an appeal" with the DLGF.[7] (See Resp't Br. at 2-3, 7-8; Hr'g Tr. at 9-11.) The DLGF maintains that the only appeal a political subdivision can file with the DLGF under Indiana Code § 6-1.1-17 is the excess levy appeal as contained in Indiana Code § 6-1.1-17-15. (Resp't Br. at 8; Hr'g Tr. at 9, 12.) "IndyGo's pleadings do not assert that IndyGo . . . initiated an appeal to the DLGF under Indiana Code [§] 6-1.1-17-15. . . . Therefore, IndyGo's pleadings fail to clearly and unambiguously assert legitimate grounds for standing to seek judicial review under Indiana Code [§] 6-1.1-17-16(g)(1)." (Resp't Br. at 8.) The Court finds the DLGF's argument unpersuasive for the following reasons.

First, what a statute does not say is just as important as what it does say. Hoosier Energy Rural Elec. Coop., Inc. v. Dep't of Local Gov't Fin., 820 N.E.2d 787, 791 (Ind. Tax Ct. 2004). Here, the language of Indiana Code § 6-1.1-17-16(g)(1) refers to "an appeal" in the generic sense rather than in a specific sense. Indeed, had the legislature intended "an appeal" to mean exclusively "an excess levy appeal under section 15 of this chapter," it would have stated as much. See Hyatt Corp. v. Indiana

---

[6] As a public transportation corporation, IndyGo is a political subdivision. See IND. CODE §§ 36-1-2-10, -13 (2011); IND. CODE § 6-1.1-1-12 (2011).

[7] Generally speaking, Indiana Code § 6-1.1-17-16(g) grants standing to seek judicial review to political subdivisions, taxpayers, or county auditors. IND. CODE § 6-1.1-17-16(g)(1)-(4) (2012). Given that IndyGo is neither a taxpayer nor a county auditor, it can only possibly have standing under the section applicable to political subdivisions, (g)(1).

Dep't of State Revenue, 695 N.E.2d 1051, 1053 (Ind. Tax Ct. 1998) (explaining that the legislature is presumed to mean what it says), review denied; I.C. § 6-1.1-17-16(g)(2)(A) (indicating that the legislature knew how to limit a taxpayer's appeal to those originally "initiated . . . under section 13 of this chapter"), (g)(3) (indicating that the legislature knew how to limit an auditor's appeal to those originally "initiated . . . under section 14 of this chapter").

Second, Indiana Code § 6-1.1-17-15 states in relevant part that

> [a] political subdivision may appeal to the department of local government finance for an increase in its tax rate or tax levy as modified by the county board of tax adjustment or the county auditor. To initate the appeal, the political subdivision must file a statement with the department of local government finance not later than ten (10) days after publication of the notice required by section 12 of this chapter.

IND. CODE § 6-1.1-17-15 (2012). This statute, in conjunction with Indiana Code § 6-1.1-17-12, establish that IndyGo would have had to file its excess levy appeal with the DLGF sometime in November of 2011 after the Council adjusted IndyGo's budget. See id.; IND. CODE § 6-1.1-17-12 (2012). An appeal at that time, however, could not have contemplated the adjustments the DLGF made to IndyGo's budget package in February of 2012 and that are at issue in this case. Consequently, under the facts of this case, the "appeal" referenced in Indiana Code § 6-1.1-17-16(g)(1) cannot refer exclusively to an excess levy appeal under Indiana Code § 6-1.1-17-15 as the DLGF contends. See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't Local Gov't Fin., 930 N.E.2d 1257, 1260 (Ind. Tax Ct. 2010) (explaining that the Court will not read a statute in such a way that causes an illogical or absurd result).

This conclusion necessarily leads to the following question: what is the "appeal" to which Indiana Code § 6-1.1-17-16(g)(1) refers? The answer is revealed by examining the other provisions within Indiana Code § 6-1.1-17-16 itself. See, e.g., State v. Adams, 583 N.E.2d 799, 800 (Ind. Ct. App. 1992) (stating that "[e]ach part [of a statute] must be considered with reference to all other parts" of the statute (citation omitted)), trans. denied. Specifically, the "appeal" referenced in Indiana Code § 6-1.1-17-16(g)(1) may be initiated when a political subdivision like IndyGo responds to the DLGF's 1782 Notice under Indiana Code § 6-1.1-17-16(d).

The Court's analysis is best understood by working backwards through the applicable provisions of Indiana Code § 6-1.1-17-16. For instance, the DLGF's final determination that may be appealed to this Court under subsection (g) is the "certification" of the DLGF's action under subsection (f). Compare I.C. § 6-1.1-17-16(g) with I.C. § 6-1.1-17-16(f). The "action" that gets "certified" under subsection (f) is the DLGF's issuance of a county's budget order. (See, e.g., Pet., Ex. F at 1 (indicating generally that a political subdivision's final tax budget and levy "will be certified in the final budget order for [the] county").) A county's final budget order will therefore contain the "final decisions" that were issued by the DLGF to the political subdivisions that objected[8] to their 1782 Notices under Indiana Code § 6-1.1-17-16(d). Compare I.C. § 6-1.1-17-16(f) with I.C. § 6-1.1-17-16(d). (See also Pet., Ex. L at 1 (indicating that the final budget for IndyGo, as adjusted by the DLGF, was contained within the Marion

---

[8] The Court notes that the DLGF takes issue with calling a response to the 1782 Notice "an objection." (See, e.g., Resp't Br. Mot. J. Pleadings at 9.) The DLGF's position fails to acknowledge, however, that a political subdivision would only respond to a 1782 Notice if it objected to the adjustments the DLGF proposed to make to its tax package. See I.C. § 6-1.1-17-16(d).

County Budget Order).) Because a "final decision" of the DLGF under Indiana Code § 6-1.1-17-16(d) is incorporated within a county's budget order that may be appealed to this Court under Indiana Code § 6-1.1-17-16(g)(1), it logically follows that when a political subdivision responds to a DLGF 1782 Notice, it initiates an appeal for purposes of Indiana Code § 6-1.1-17-16(g)(1).[9]

**CONCLUSION**

When IndyGo responded to the DLGF's 1782 Notice, it initiated an appeal that conferred standing for it to seek judicial review of the 2012 Marion County Budget Order under Indiana Code § 6-1.1-17-16(g)(1).[10] Accordingly, the DLGF's Motion is DENIED. The Court will schedule a case management conference under separate cover.

SO ORDERED this 15th day of July 2015.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

DISTRIBUTION:

Beth H. Henkel, Evan W. Bartel

---

[9] The DLGF has argued that because it did not conduct a hearing on the merits of IndyGo's 1782 Notice response, its action under Indiana Code § 6-1.1-17-16(d) was ministerial and did not trigger, therefore, judicial review. (See Resp't Reply Supp. Mot. J. Pleadings at 8-9.) This argument confuses the issue in this case – whether IndyGo initiated an appeal with the DLGF – with the issue in a previous Indiana Supreme Court case – what type of hearing is appropriate after an appeal has been initiated. See, e.g., Board Sch. Comm'rs of City of Indianapolis v. Eakin, 444 N.E.2d 1197, 1202 (Ind. 1983) (explaining that under Indiana's tax disbursement system, the DLGF is not required to conduct a full-scale, quasi-judicial proceeding in respect to every type of budget review it makes).

[10] This holding comports factually with several other cases that have been before this Court (i.e., cases where a political subdivision's response to the DLGF's 1782 Notice constituted an appeal for purposes of conferring standing to seek judicial review). See, e.g., Gary Cmty. Sch. Corp. v. Indiana Dep't of Local Gov't Fin., 15 N.E.3d 1141 (Ind. Tax Ct. 2014); Metropolitan Sch. Dist. Pike Twp. v. Dep't of Local Gov't Fin., 962 N.E.2d 705 (Ind. Tax Ct. 2011), review denied; DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin., 930 N.E.2d 1257 (Ind. Tax Ct. 2010).

11