ATTORNEYS FOR PETITIONER:
**NATHAN J. HAGERMAN**
**ASHLEY M. ULBRICHT**
TAFT STETTINIUS & HOLLISTER LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**THEODORE E. ROKITA**
ATTORNEY GENERAL OF INDIANA
**STEPHEN J. REEN**
**TRENT D. BENNETT**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

| | | |
|---|---|---|
| CITY OF CARMEL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 24T-TA-00003 |
| | ) | |
| INDIANA DEPARTMENT OF LOCAL | ) | |
| GOVERNMENT FINANCE, | ) | |
| | ) | |
| Respondent. | ) | |

FILED
Oct 17 2024, 11:14 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ON APPEAL FROM A FINAL DETERMINATION OF
THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**October 17, 2024**

BAKER, Special J.

The City of Carmel appeals the final determination of the Indiana Department of Local Government Finance denying Carmel's 2024 shortfall excess property tax levy appeal. Carmel argues that the Department's denial was based on an unsupported restrictive interpretation of the type of excess levy shortfall that may be claimed under Indiana Code section 6-1.1-18.5-16(a). Upon review, the Court affirms the Department's final determination.

## PROCEDURAL HISTORY

On December 19, 2023, Carmel filed an appeal with the Department for a 2024 shortfall excess levy in the amount of $1,001,538 due to a shortfall for the 2018 through 2023 budget years. (*See* Cert. Admin. R. at 3-15.)

On January 2, 2024, the Department issued a final determination approving $224,915 of the requested shortfall appeal and denying $776,623 of the requested shortfall appeal. (*See* Cert. Admin. R. at 95-100.)

On January 9, 2024, Carmel filed a request for reconsideration with the Department, which the Department responded to by reaffirming its previous decision on January 12, 2024. (*See* Cert. Admin. R. at 110-38, 140.)

Carmel then filed this original tax appeal on February 16, 2024.

## FACTS

Carmel appealed to the Department for a 2024 shortfall excess levy in the amount of $1,001,538 for a shortfall it claimed for the 2018 through 2023 budget years. (*See* Cert. Admin. R. at 6-10, 18.) Of this amount, the Department approved an excess levy of $224,915, the sum of the shortfalls the Department determined for the 2022 and 2023 budget years ($170,326 and $54,589 respectively). (*See* Cert. Admin. R. at 100.)

The Department denied $538,828 of the request because it had already approved an excess property tax levy for those shortfalls. (*See* Cert. Admin. R. at 95-100.) Those shortfalls were $199,520 for budget year 2018, $131,014 for budget year 2019, $141,032 for budget year 2020, and $67,262 for budget year 2021. (*See* Cert. Admin. R. at 95-100.)

According to its brief, $575,503 of Carmel's $1,001,538 claim resulted from the cumulative difference between the certified net assessed value (the certified levy) and

2

the abstract net assessed value (the abstract levy) from 2018 to 2023. (Pet'r Br. at 3.) The Department denied this amount because, in its view, the deficiency did not result from errors described in I.C. § 6-1.1-18.5-16(a). (Resp't Br. at 8-10.)

The parties agree on the underlying facts and amounts in dispute. (Pet'r Br. at 3, 15; Pet'r Reply Br. at 2; Hr'g Tr. at 6.) They differ on whether the difference between the certified levy and the abstract levy constitutes a shortfall under I.C. § 6-1.1-18.5-16(a).

**STANDARD OF REVIEW**

The party challenging the propriety of the DLGF's final determination bears the burden of demonstrating its invalidity. *City of Greenfield v. Indiana Dep't of Loc. Gov't Fin.*, 22 N.E.3d 887, 891 (Ind. Tax Ct. 2014). Accordingly, Carmel must show the Court that the Department's final determination is arbitrary and capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. Since the parties here agree on the underlying facts and amounts in dispute, the sole question for the Court is whether the Department's final determination is contrary to law.

**ANALYSIS**

*Statutory Scheme and Request Procedure*

The Indiana General Assembly has established a statutory process for local governments to request permission from the Department to apply an excess property tax levy to recover shortfalls in expected revenue from the collection of property taxes in previous years. The potential recoverable shortfall consists of errors as defined in I.C. § 6-1.1-18.5-16(a) and successful property tax appeals under I.C. § 6-1.1-18.5-16(b). The combined amount that may be recovered from these two sources is limited by I.C. § 6-1.1-18.5-16(c) to the remainder of the civil taxing unit's property tax levy for the

3

particular calendar year as finally approved by the Department (the certified levy) minus

the actual property tax levy collected for that particular calendar year.

> A civil taxing unit may request permission from the department to impose an ad valorem property tax levy that exceeds the limits imposed by chapter 3 of this chapter if:
>
>> (1) the civil taxing unit experienced a property tax revenue shortfall that resulted from erroneous assessed valuation figures being provided to the civil taxing unit;
>>
>> (2) the erroneous assessed valuation figures were used by the civil taxing unit in determining its total property tax rate; and
>>
>> (3) the error in the assessed valuation figures was found after the civil taxing unit's property tax levy resulting from that total rate was finally approved finally approved by the department of local government finance.
>
> However, a civil taxing unit may not make a request described in this subsection on account of a revenue shortfall experienced in excess of five (5) years from the date of the most recent certified budget, tax rate, and levy of the civil taxing unit under IC 6-1.1-17-16.

IND. CODE § 6-1.1-18.5-16(a) (2024).

> If the department determines that a shortfall described in subsection (a) or (b) has occurred, the department of local government finance may find that the civil taxing unit should be allowed to impose a property tax levy exceeding the limit imposed by section 3 or 25 of this chapter, as applicable. However, the maximum amount by which the civil taxing unit's levy may be increased over the limits imposed by section 3 or 25 of this chapter, as applicable, equals the remainder of the civil taxing unit's property tax levy for the particular calendar year as finally approved by the department of local government finance minus the actual property tax levy collected by the civil taxing unit for that particular calendar year.

I.C. § 6-1.1-18.5-16(c).

I.C. § 6-1.1-18.5-12 establishes the process for a civil taxing unit to appeal

for an excess levy and how the Department reviews such an appeal. I.C. § 6-1.1-

18.5-12(c) grants the Department, among other powers, the power to require a

4

civil taxing unit to provide relevant records and books for its review. IND. CODE §
6-1.1-18.5-12(c) (2024).

Pursuant to I.C. § 6-1.1-18.5-12, the Department has established a
shortfall excess levy appeal template that specifies the relevant records a
requesting civil taxing unit must provide for the Department's consideration of the
appeal. Among the required records are a Register of Certificates of Error (Form
127-CER), a Certificate of the County Auditor of Tax Refund Claims (Form 17-
TC), and a County Auditor's Certificate of Tax Distribution (Form 22). (Resp't Br.
at 13.) These forms correspond respectively to the information the Department
needs to determine the shortfall under I.C. § 6-1.1-18.5-16(a) and I.C. § 6-1.1-
18.5-16(b) and the maximum permissible excess levy under I.C. § 6-1.1-18.5-
16(c).

*The Department's Action*

The Department construed error and erroneous assessed valuation under
I.C. § 6-1.1-18.5-16(a) to be those errors in valuation claimed on the Register of
Certificates of Error (Form 127-CER) civil taxing units must submit as part of their
request for an excess levy. (Resp't Br. at 13.) It, therefore, denied Carmel's claim
of the shortage between the abstract levy and the certified levy amount as a
permissible shortfall under I.C. § 6-1.1-18.5-16(a). (*See* Cert. Admin. R. at 95-
100.)

*Carmel's Appeal*

Carmel contends that the difference between the certified levy and the
abstract levy it seeks to recover inherently arises from errors in valuation, and

5

thus this amount constitutes a recoverable shortfall for purposes of I.C. § 6-1.1-18.5-16(a). (Pet'r Br. at 8.) Carmel argues that the Department is inappropriately using the ceiling on the amount that the levy may be increased provided in I.C. § 6-1.1-18.5-16(c) to restrict the types of errors that qualify under I.C. § 6-1.1-18.5-16(a). (Pet'r Br. at 9; Pet'r Reply Br. at 8.)

The legislative policy behind the excess levy statute, Carmel argues, is to allow local governments to recover the deficit from the property tax revenue the applied tax rate was assumed to collect and the actual revenue collected. (Pet'r Reply Br. at 8.) The Department's restrictive interpretation of error under I.C. § 6-1.1-18.5-16(a) undermines this purpose.

*Determination*

The language in I.C. § 6-1.1-18.5-16(a) does not directly answer the question of whether the amount resulting from the difference between the abstract levy and the certified levy Carmel claims is an error for purposes of calculating the permitted shortfall. The context and the rest of I.C. § 6-1.1-18.5-16, however, strongly indicate that this was not the type of error contemplated by the legislature.

Nowhere in the statute is abstract levy or the total amount billed taxpayers mentioned. To the extent that a general revenue difference is mentioned by the statute, it is the difference between the certified abstract and the actual collections. Even here, however, this amount serves as the ceiling on the excess levy. The statute still requires specific valuation errors and refund claims under sections 16(a) and 16(b) to constitute a shortfall. If the legislature intended for a

6

general deficit for any reason to be a permissible shortfall, there would be no need for sections 16(a) and 16(b) delineating specific reasons for that deficit.

The Court addressed a related question of whether a revenue shortfall deriving from a calculation using the amount billed is a recoverable shortfall under I.C. § 6-1.1-18.5-16(a) in a 2013 case. *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of Loc. Gov't Fin. (IndyGo)*, 988 N.E.2d 1274 (Ind. Tax Ct. 2013). There, IndyGo requested that the Department permit it to impose an excess property tax levy based on the amount of tax charged (the abstract levy) versus the amount of tax paid. The Department rejected the use of the amount billed as the starting point for the shortfall determination and denied IndyGo's request, "explaining that the DLGF calculates shortfalls by subtracting the actual collections figure from the certified levy figure[.]" *Id.* at 1276 (citation omitted). The Court affirmed the Department's final determination. The Court notes that the Department's application of section 16 is long-standing and that the legislature did not amend the statute after the Court's affirmation of the Department's methodology in *IndyGo*.

The legislature also has granted the Department broad discretion in administering the excess levy appeal process. This discretion likely derives from the legislature's intent that the Department serve as a gatekeeper to ensure that tax increases are properly justified. To this end, a civil taxing unit appealing for an excess levy "must state that it will be unable to carry out the governmental functions committed to it by law unless it is given the authority that it is petitioning for. "The civil taxing unit must support these allegations by reasonably detailed statements of fact." I.C. § 6-1.1-18.5-12(a). Furthermore, even if a permissible shortfall under the statute exists, the

7

legislature has given the Department the authority to decide whether to permit an excess levy. Section 16(c) provides that "[i]f the department determines that a shortfall described in subsection (a) or subsection (b) has occurred, the department of local government finance *may* find that the civil taxing unit should be allowed to impose" an excess property tax levy. I.C. § 6-1.1-18.5-16(c) (emphasis added).

The Court agrees with the Department's interpretation of the statute. The Court further notes that even if it found the valuation errors Carmel claims to be a permissible shortfall under subsection 16(a), the Department has the discretion to grant or deny Carmel's excess levy appeal under subsection 16(c).

## CONCLUSION

The Court finds that the Department appropriately applied I.C. § 6-1.1-18.5-16 and AFFIRMS the Department's final determination.